## 17528

Barney HYMAN, Respondent, v. SOUTH CAROLINA EMPLOY-MENT SECURITY COMMISSION and Ed. H. Tatum, Robert S. Galloway, Sr., and Charles V. Verner, as members thereof, Appellants

(108 S. E. (2d) 554)

*Jas. Julien Bush, Esq.,* of Columbia, *for Appellants,*

*Zach McGhee,* of Columbia, *for Respondent.*

April 30, 1959.

Moss, Justice.

Barney Hyman, the respondent herein, did, on January 16, 1958, file his claim with the South Carolina Employment Security Commission, the appellant herein, for unemployment compensation benefits under the "South Carolina Unemployment Compensation Law". Section 68-1 *et seq.,* 1952 Code of Laws of South Carolina.

The respondent is a skilled carpenter and was in the employ of Dawson Engineering Company, and while so employed he was engaged in fitting screens into windows on certain buildings at Fort Jackson, South Carolina. It was asserted that the respondent disobeyed instructions by not using a rip saw instead of a hatchet to reduce the oversized screens to proper dimensions for installation. It was also asserted that the respondent improperly performed his duty which required the sanding of certain window guards. The foreman testified that the respondent was discharged on Jan-

uary 15, 1958 due to the screening incident, and because he was not properly doing the sanding.

It appears that a Claims Examiner for the appellant issued a determination on January 28, 1958, holding that the respondent had been discharged for misconduct connected with his work and imposed upon him a disqualification of six weeks from receiving unemployment compensation benefits. The respondent appealed from this determination to the Appeal Tribunal of the Commission and a hearing was held by an Appeals Referee, constituting an Appeal Tribunal, on February 26, 1958, at which time the testimony in the case was taken. The Appeal Tribunal, on February 26, 1958, filed a decision reversing the determination of the Claims Examiner and held that the claimant had been discharged but not for misconduct connected with his work and removed the disqualification which had been imposed. The Appeal Tribunal, however, held that claimant is ineligible for benefits because he did not meet the availability requirements of the Unemployment Compensation Law. The respondent appealed this decision to the Full Commission. After a hearing, the Commission, on April 4, 1958, rendered its decision in which it affirmed the decision of the Appeal Tribunal.

The respoindent instituted this action against the appellants under and pursuant to Section 68-165 of the 1952 Code of Laws of South Carolina, seeking a judicial review of the decision of the Commission holding that the respondent was not available for work during his period of unemployment and was ineligible for unemployment compensation benefits. This action is in the nature of an appeal from the decision of the Commission.

The appellants duly filed an answer, and as is required by Section 68-165 of the 1952 Code of Laws of South Carolina, certified to and filed with the Court all documents, papers and a transcript of all testimony taken in the action. There was also filed a copy of the findings of fact and the decision of the Commission.

This case was heard on May 26, 1958, by the Honorable Legare Bates, Judge of the Richland County Court. By order, dated July 3, 1958, the Court reversed the decision of the Commission, and held that the respondent is and was available for work during the entire period of his unemployment, and that the respondent had been discharged from employment under conditions calling for a disqualification not to exceed a period of one week.

The appellants gave due and timely notice of intention to appeal to this Court from the order of the lower Court. The appellants pose a number of questions but it is our view that this appeal can be disposed of by determining whether there is any evidence to sustain the findings of the Commission that the respondent was unavailable for work within the purview of the "South Carolina Unemployment Compensation Law".

Where a claimant files an application for unemployment compensation benefits, the burden is upon such claimant to show that he has met the benefit eligibility conditions. The burden was upon the respondent in this case to show that he was entitled to receive unemployment compensation benefits and that he was available for work.

In the case of *Unemployment Compensation Commission v. Tomko,* 192 Va. 463, 65 S. E. (2d) 524, 527, 25 A. L. R. (2d) 1071, the Virginia Supreme Court of Appeals held:

"In order to recover compensation benefits under the statute the burden is on the claimant to show that he has met the benefit eligibility conditions, which in this case is unrestricted availability for work. *Department of Industrial Relations v. Tomlinson,* 251 Ala. 144, 36 So. (2d) 496, 497; *Haynes v. Unemployment Comp. Comm.,* 353 Mo. 540, 183 S. W. (2d) 77, 80."

The lower Court was in error in holding that since the appellants injected into the trial of the case the issue of the availability of the respondent for work, that the burden was upon the appellants to present all of

the facts at its disposal pertaining to the availability of the respondent for work, including what opportunities for work existed for him at the time or period in question. There was no burden upon the appellants to show that the respondent was not available for work. The burden was upon the respondent to show that he was available for work.

The appellants assert that the trial Judge was in error in overruling the findings of fact made by the Commission because such findings of fact were supported by evidence, and are conclusive and not subject to judicial review.

Section 68-165 of the 1952 Code of Laws of South Carolina, which has reference to judicial review of decisions of the Commission involving the eligibility of claimants for unemployment compensation benefits, provides in part as follows:

"* * * In any judicial proceeding under this chapter, the findings of the Commission as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive and the jurisdiction of the court shall be confined to questions of law. * * *"

In the case of *Judson Mills v. South Carolina Unemployment Compensation Commission,* 204 S. C. 37, 28 S. E. (2d) 535, 536, this Court adopted the decree of the then Circuit Judge Oxner, now a respected member of this Court, and approved his holding as follows:

"Counsel for the commission first take the position that the commission's finding that the claimant was available for work within the purview of the act constitutes a finding of fact and is not subject to review if supported by any evidence. It must, of course, be conceded that the findings of the commission upon disputed facts are not subject to review by the courts if there is any evidence to support them. * * *"

In the case of *Johnson v. Pratt,* 200 S. C. 315, 20 S. E. (2d) 865, 871, this Court quoted with approval from the case of *Phillips v. Dixie Stores, Inc.,* 186 S. C. 374, 195 S. E. 646, the following:

"\* \* \* If there were absolutely no evidence in support of the findings of fact by the commission, we might say that the question thus becomes a question of law. But whether there is a sufficiency of evidence is strictly a matter of fact, and the findings of the commission thereabout are final." *

We conclude that the findings of fact by the Commission on a claim under the South Carolina Unemployment Compensation Law are conclusive, and the Appellate Court will not review such findings except to determine whether there is any evidence to support such conclusions of fact. This Court has the power to reverse an award if there is an absence of any evidence to support it.

We come now to the question of whether the finding of fact by the Commission that the respondent was unavailable for work is supported by the evidence. If this finding has support in the evidence, then the lower Court was in error in reversing such finding of fact, because such was not subject to judicial review.

Section 68-113 of the 1952 Code of Laws of South Carolina, provides that:

"An unemployed insured worker shall be eligible to receive benefits with respect to any week only if the Commission finds that:

"(1) He has made a claim for benefits with respect to such week in accordance with such regulations as the Commission may prescribe;

"(2) He has registered for work, \* \* \*

"(3) He is able to work and is available for work. \* \* \*"

The record shows that the respondent had made a claim for benefits and that he had registered for work at the employment office of the Commission. There is no question from the record that the respondent is able to work but the Commission has found that the respondent was not available for work because he had made no personal search for

employment. Its finding of fact in that respect was based upon the following testimony of the respondent:

"Q. I believe we'll go into the availability. Mr. Hyman, since filing your claim, have you been working anywhere? A. No.

"Q. Have you been looking for work? A. Yes, sir.

"Q. Would you mind telling me the applications you've made for work? A. Well, I've been down to the carpenter's union.

"Q. Carpenter's union. You're a member of the union. Do you take work other than union? A. Well, now, I got a job there last summer down there at the unemployment office.

"Q. What I mean is would you accept a non-union job? A. Yes, sir.

"Q. Have you been looking for that type of work? A. Well, no, sir, I haven't.

"Q. If you were offered non-union job, would you be penalized by your union for accepting it? A. No, sir.

"Q. They allow you to accept non-union jobs? A. Yes, sir.

"Q. Well, then, why haven't you been looking for those? A. Well, don't know where to go."

\*    \*    \*

"Q. Do I understand that your only application for work as a carpenter since January 16, 1958, has been at your union hall? A. Yes, sir. I been down here looking, you know, on the board, down here—

"Q. At the employment office? A. Yes, sir."

The Commission found as a fact, from the testimony above quoted, that the respondent had not been in the labor market and that "His only efforts to find employment, since his separation, was to inquire at the Employment Office when filing claims and to contact his union hall".

The Commission sums up its decision in the following language:

"It is the testimony of claimant that he made no application for work between separation and the Appeal Tribunal hearing except to contact his union hall. This Commission has consistently held that an individual seeking benefits must establish his availability by making an active personal search for work, and that one who limits that search to the referral facilities of his union does not meet this requirement. Claimant did not show by any direct effort to find employment that he was available for work, primarily interested in working, and unemployed through a lack of employment opportunity."

In the case of *Huiet v. Schwob Mfg. Co.,* 196 Ga. 855, 27 S. E. (2d) 743, it was held that registration for work and the signing of a claim for unemployment compensation, in which the claimant asserted that she was unemployed but that she was able and available for work, was a mere self-serving declaration and without more would not be sufficient to authorize the Commission to find that such a person was able to and available for work. The Supreme Court of Georgia said:

"* * * In this case the applicant's statement that she is able to work and available for work does not fall within any exception to the general rule, but is a mere self-serving declaration, without probative value. It is like the unverified allegations in any other pleading, which cannot prove themselves, but must be sustained by evidence, in order for the pleader to prevail. * * *"

In the case of *Department of Industrial Relations v. Tomlinson,* 251 Ala. 144, 36 So. (2d) 496, the Alabam Supreme Court said:

"He contented himself with filing his claim for benefits, registering for work at the Unemployment Office, and reporting to that office weekly. He was entirely passive as to his status, he was waiting for work to seek him out. * * *

It might be contended that registering for work with the Employment Office and thereafter reporting to that office creates a *prima facie* case of availability for work within the meaning of the law and that when such acts are shown a claimant has discharged the burden of showing that he was available for work. We cannot agree with this contention. Registration for work when reported at an Employment office in accordance with the regulations is but one of several findings, among which are the further findings that the claimant is able to work and that he is available for work. * * * We think however that a claimant in order to show that he was 'available for work' during the period for which he ·seeks benefits must at least show that he acted in good faith and made a reasonable effort to secure suitable employment of a character which he is qualified to perform by past experience and training."

In the case of *Dwyer v. Appeal Board of Michigan Unemployment Compensation Commission,* 321 Mich. 178, 32 N. W. (2d) 434, 438, it was said:

"The basic purpose of the requirement that a claimant must be available for work to be eligible for benefits is to provide a test by which it can be determined whether or not the claimant is actually and currently attached to the labor market. To be available for work within the meaning of the act, the claimant must be genuinely attached to the labor market, *i. e.,* he must be desirous to obtain employment, and must be willing and ready to work. Such is the rule in other jurisdictions. * * *"

It was further said in the last cited case, that:

"Whether or not a claimant is in fact available for work depends to a great extent upon his mental attitude, *i. e.,* whether he wants to go to work or is content to remain idle. Indicative of such mental attitude is evidence as to efforts which the person has made in his own behalf to obtain work. A person who is genuinely attached to the labor market and desires employment will make a reasonable attempt to find work, and will not wait for a job to seek him out."

In the case of *Hermsen v. Employment Security Department,* 39 Wash. (2d) 903, 239 P. (2d) 863, it was held that where a claimant for unemployment compensation makes no effort to secure work in his usual trade or occupation, or any other suitable employment, other than reporting weekly to the office of the unemployment service division of the Security Employment Department, he is not "actively seeking work" within the meaning of the Unemployment Compensation Act, Rem. Supp. 1949, § 9998-206(c), and therefore, is not entitled to benefits under the said Act.

The failure of a claimant for unemployment compensation benefits to make a reasonable search for suitable work, independently of the employment office wherein his claim is filed, is evidence of the plaintiff's detachment from the labor market and consequent unavailability for work, *Dwyer v. Appeal Board of Michigan Unemployment Compensation Commission, supra; Farrar v. Director of Div. of Employment Security,* 324 Mass. 45, 84 N. E. (2d) 540; *Boyer v. Board of Review,* 4 N. J. Super. 143, 66 A. (2d) 543.

In the case of *Guidice v. Board of Review of Div. of Employment Security,* 14 N. J. Super. 335, 82 A. (2d) 206, it was held where the only efforts made by the claimant for unemployment compensation benefits to obtain employment after loss of position as a cloth printer, was limited to reporting once a month at the headquarters of his local union, did not show that the claimant actively sought work and, therefore, he was not entitled to compensation benefits.

We conclude that availability for work implies an unrestricted exposure of the applicant for benefits to the normal labor market to which he has been customarily attached. The burden is upon the claimant for benefits to show that he has met the benefit eligibility conditions and that he is available for work. It is the duty of the claimant for unemployment benefits to show that he has made a reasonable effort to obtain employment in his usual trade

·or occupation or other suitable employment. A claimant does not make this showing simply by proving that he has registered with the employment office of the Commission and reporting to his union headquarters. The failure of the claimant to make a personal search for work during the period of his unemployment is ample evidence to support the finding of fact by the Commission that he was unavailable for work, within the meaning of the South Carolina Unemployment Compensation Law.

The evidence in this case is conclusive that the respondent made no independent effort to secure employment, other than reporting to the employment office of the Commission and contacting his carpenter's union. The Commission has found this as a matter of fact and such finding is binding upon this Court.

It follows that the trial Judge erred in reversing the finding of fact made by the Commission.

The Order appealed from is reversed and the case is remanded to the lower Court for an appropriate Order dismissing this action.

Reversed and remanded.

STUKES, C. J. and TAYLOR, OXNER and LEGGE, JJ., concur.