18941

ERNEST C. RICHEY, Appellant, v. RIEGEL TEXTILE CORPORA- TION and South Carolina Employment Security Commission, Respondents.

(169 S. E. (2d) 101)

*Messrs. Charles & Charles,* of Greenwood, *for Appellant,*

*Messrs. Grier, McDonald, Burns, Bradford & Erwin,* of Greenwood, *for Respondent, Riegel Textile Corporation,*

*Robert G. Horine, Esq.,* of Columbia, *for Respondent,*

July 15, 1969.

Lewis, Justice.

The appellant, Ernest C. Richey, who had been previously employed by respondent, Riegel Textile Corporation, applied for benefits under the South Carolina Employment Security Law. He was, over his protests, automatically separated from his employment with Riegel at age 65 under a company retirement plan in which he had participated. His claim was denied by the Employment Security Commission upon findings that he, in effect, voluntarily retired from his work under the company retirement plan and was therefore disqualified, under Section 68-114(6) of the 1962 Code of Laws, which makes one who voluntarily retires from his work ineligible for unemployment compensation benefits. Upon petition for review, pursuant to Section 68-165 of the 1962 Code of Laws, the decision of the commission was affirmed by the lower court, from which the appellant-employee has prosecuted this appeal.

The basic questions for decision are (1) whether the appellant voluntarily accepted the terms of the company retirement plan which contained a mandatory retirement provision and, if so accepted, whether his separation from work thereunder constituted a voluntary retirement within the

purview of Section 68-114(6), *supra;* and (2) whether the retirement plan, under which he was separated from his work, constituted an agreement to waive, release or commute unemployment compensation benefits within the meaning of Section 68-351 of the 1962 Code of Laws, which prohibits any such agreement. We follow to some extent the factual statement and reasoning of the lower court in disposing of the issues.

Appellant was employed by the respondent, Riegel Textile Corporation, and continued in the employ of that company for approximately fifty-five years. His job placed him in the category of "salaried personnel," which made him eligible to participate in a retirement annuity plan instituted by the employer in 1945. This plan was entirely voluntary and was financed through contributions by the employer and deductions from the earnings of the employees who elected to participate. One of the provisions of the plan was the agreement of the participating employees to retire at age sixty-five. Appellant did not subscribe to the plan for several years because of his objection to the mandatory retirement feature. However, he did elect to join the retirement plan in December 1955 and signed an authorization for the deduction of contributions from his earnings. His explanation for joining in 1955, and not at its inception in 1945, was that he understood from an official of the company that the mandatory retirement feature had been eliminated. After joining, he was furnished annual statements showing the total of his contributions and his "normal retirement date" as June 1, 1965.

In accordance with the retirement plan, appellant was retired by the company in 1965, on his sixty-fifth birthday. Appellant is receiving a monthly pension of $67.87 in addition to regular Social Security benefits. His retirement was over his protest. He insisted that he had never knowingly entered into any agreement to retire at age sixty-five.

The retirement annuity plan has remained in continuous force since its inception in 1945 with several subsequent

revisions, under which the benefits were liberalized and the employer assumed a greater portion of the joint employer-employee contributions. The evidence firmly establishes that, since its inauguration the contract governing the retirement system has contained a provision requiring, as a condition of participation, that the members agree to retire at age sixty-five. It is further established that each member coming into the plan was furnished an informational booklet which expressly set forth the retirement feature, and that at no time has there been an exception or variation in the observance of the retirement age clause. It was a matter of common knowledge among the employees in the plant that those joining in the retirement system retired in accordance with the plan.

After appellant was retired, he filed a claim for unemployment compensation which, after preliminary appeals through the administrative process, resulted in a final determination by the Employment Security Commission that he was ineligible to receive such benefits because of his voluntary retirement from work. In reaching its decision, the commission concluded "that in actuality claimant initiated his voluntary retirement upon joining the annuity pension plan and subjecting himself to its terms. His subsequent separation and acceptance of the fruition arising from the plan were simply the culmination of his prior election. There was no requirement by the employer that claimant enter into this retirement program and certainly the record is without intimation of any compulsion or pressure brought upon him to avail himself of its attractions. Separation from employment came about through a process originated by claimant and not through a mandatory retirement policy of the employer."

The first and underlying question to be decided is whether the appellant did, in fact, voluntarily accept the terms of the retirement annuity plan. This is a factual issue and the findings of the Commission thereabout are binding on appeal if supported by any evidence. *Johnson v. Pratt,* 200 S. C. 315, 20 S. E. (2d) 865; *Hyman v. S. C. Employment Compensation Commission,* 234 S. C. 369, 108 S. E. (2d) 554.

It is uncontradicted that appellant entered into the retirement plan without compulsion or pressure of any kind from his employer and that the plan contained at all times the condition that those who joined must retire at age sixty-five. There is testimony that this requiremen is explained to every participant at the time he subscribes and when the authorization is signed for the payroll deduction. At that time, litera· ture and booklets are given to each new member explain· ing in detail the retirement program, including the normal retirement date. Appellant was furnished such literature which plainly stated in question and answer form that the contractual right of the employee to retire and draw a pension at age sixty-five carried with it the contractual obligation to do, so. The annual statement furnished to appellant carried a notation of the retirement date in his case. At no time after joining the plan did appellant ever question the meaning of the retirement date plainly shown on the annual statements received by him. His supervisory position and length of service certainly afford a reasonable basis for the conclusion that he was familiar with the fact that all members of the plan retired at age sixty-five. He continues to draw the retirement benefits.

· We agree with the lower court that the foregoing evidence is ample to support the Commission's finding that appellant voluntarily participated in the retirement plan.

It is conceded that Section 68-114(6) of the South Caro lina Employment Security Law makes an employee who *voluntarily retires* from his work ineligible for unemployment compensation benefits. Since appellant voluntarily entered the retirement plan, it is necessary to decide whether his mandatory retirement thereunder at age 65 constituted a voluntary retirement within the meaning of the foregoing section. We conclude that it did.

Section 68-38 of the Unemployment Security Law states that the fundamental purpose of its enactment is to protect against economic insecurity due to involuntary unemployment because of the inability of industry to provide stable

employment, and that the reserves made available under the act are "to be used for the benefit of persons unemployed through no fault of their own."

In keeping with the fundamental purpose of the statute, Section 68-114(6) states that a worker who has "voluntarily retired" from his work shall be ineligible for benefits. This clearly includes a worker who, of his own choice, elects to leave his employment under a retirement annuity plan upon reaching a specified age. In such case, the employee voluntarily terminates his employment.

Certainly, workers who separate from their work from personal choice do not thereby become unemployed because of the inability of industry to provide employment or "through no fault of their own."

Appellant voluntarily joined the retirement plan and thereby contractually bound himself to comply with the mandatory retirement provision. He therefore of his own choice elected, when he entered the plan in 1955, to retire at age 65. The fact that he did not want to retire when the time arrived and was compelled to do so in accordance with the retirement plan does not alter the effect of his previous voluntary choice. His retirement at age 65, was simply the necessarily anticipated result of his prior voluntary acceptance of the plan and all of its conditions. This action on appellant's part amounted to voluntary retirement under Section 68-114(6) of the South Carolina Employment Security Law and disqualified him for unemployment compensation benefits.

See: *Kentucky Unemployment Insurance Commission v. Kroehler Mfg. Co.*, 352 S. W. (2d) 212; *Richardson v. Maine Employment Security Commission*, Me., 229 A. (2d) 326.

The final question concerns appellant's contention that the provision for his retirement at age sixty-five constituted an agreement to waive, release or commute his rights to unemployment compensation benefits in violation of Section

68-351 of the 1962 Code of Laws, which makes any such agreement invalid.

We think that the position of appellant overlooks he entered into the provision for retirement at age 65. There is nothing to indicate, and no contention, that the parties entered into the retirement plan in contemplation of any effect that it might have on unemployment benefits. The retirement plan was totally unconnected with unemployment compensation. Appellant simply agreed that, in consideration of the benefits from the plan, he would leave his employment at age 65. This was an agreement for voluntary termination of employment and not a waiver of rights to benefits. Upon voluntary retirement no right to unemployment benefits would arise and therefore no right which could be waived. *Bergseth v. Zinsmaster Baking Co.,* 252 Minn. 63, 89 N. W. (2d) 172; *Richardson v. Maine Employment Security Commission, supra,* 229 A. (2d) 326.

When appellant filed his claim in 1965, he was ineligible for unemployment compensation by reason of his voluntary retirement from his work and was properly held ineligible for unemployment compensation.

Affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.