390 So.2d 1201 (1980)
JESS PARRISH MEMORIAL HOSPITAL and All Risk Corporation of Florida, Appellants,
v.
Jane M. ANSELL, Appellee.
No. SS-157.
District Court of Appeal of Florida, First District.
November 7, 1980.
Rehearing Denied December 30, 1980.
C. Thomas Ferrara of Pitts, Eubanks & Ross, Orlando, for appellants.
Gabriel H. Blumenthal of Blumenthal & Schwartz, Titusville, for appellee.
McCORD, Judge.
Appellants, employer/carrier, appeal from a workers' compensation order in which the deputy commissioner found that appellee Ansell's disability, based on a loss of wage-earning capacity greater than the 5% anatomical rating assigned to her by her treating physician, amounted to a 25% permanent partial disability of the body as a whole. In reaching that figure, the deputy commissioner took into consideration group medical and group life insurance benefits supplied by the employer when computing appellee's average weekly wage. However, when computing appellee's present wage, the deputy commissioner apparently did not take into consideration certain fringe benefits which appellee now receives. We reverse and remand for reconsideration of the evidence relating to appellee's present fringe benefits and redetermination of the percentage of disability based on wage-earning capacity loss.
On September 19, 1978, appellee injured her back in a work-related accident, while working for appellant Jess Parrish Memorial Hospital as a dietary hostess. Of the three orthopedic surgeons who treated or examined appellee, one was of the opinion that she suffered no residual disability, another was of the opinion that she had sustained a 2% permanent partial impairment, and the third, Dr. Flynn, was of the opinion that she suffered a 5% permanent partial impairment as a result of the accident. The deputy commissioner accepted the 5% rating given by Dr. Flynn.
The evidence showed that appellee's base salary for the 13 weeks preceding her accident at the hospital was $113.64. The deputy commissioner tacked onto her average weekly wage the $5.72 value of the group medical and life insurance benefits which she received while working at the hospital. Therefore, the deputy commissioner found her average weekly wage to be $119.35. Appellants urge that inclusion of the insurance benefits in the average weekly wage determination was error because such benefits *1202 are not covered by the following description of "wages," as provided by § 440.02(12), Florida Statutes:
Wages means the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the injury, including the reasonable value of board, rent, housing, lodging, or similar advantage received from the employer, %(3)27
In July 1979, appellee obtained a job at Knox-McRae Child Care Center as a day care assistant, earning $75 a week. In addition to her earnings, she is allowed to take her own child to the center without paying the normal $20 a week charge. Prior to her accident, she had had to pay someone to take care of her child while she worked at the hospital. Appellee and her child also receive lunch five days a week at the nursery at no charge. Apparently, in computing loss of wage-earning capacity suffered by appellee, the deputy commissioner considered her present weekly wage to be $75, without giving consideration to the free child care and free lunches which she now receives.
We find no error in the deputy commissioner's inclusion of the value of insurance benefits in determining appellee's average weekly wage. We realize that fringe benefits which employees receive from an employment contract often have significant value and may be included as a "similar advantage" in a deputy commissioner's determination of average weekly wage. Compare Torres v. Eden Roc Hotel, 238 So.2d 639 (Fla. 1970), in which the court expanded the definition of wages to include the value of uniforms furnished to the claimant by the employer.
Although the deputy commissioner's inclusion of the life insurance benefits in his computation of average weekly wage was not error in this cause, his exclusion of fringe benefits when determining present wage was error. If appellee's fringe benefits at the hospital are to be considered, then her fringe benefits at her present job must also be considered in making a fair comparison for wage-earning capacity loss purposes. The evidence shows that she received $20 worth of child care per week plus free lunches for herself and her child. When the value of those fringe benefits are added to appellee's $75 weekly wage, it becomes clear that appellee has not suffered as great a loss of wage-earning capacity as found by the deputy commissioner.
We remand to the deputy commissioner for the taking of additional evidence, if necessary, to determine the value of the lunches received by appellee and her child, the value to her of the child care furnished to her child and for recomputation of loss of wage-earning capacity in light of these considerations.
We have considered appellants' argument relating to the adequacy of appellee's job search and find it to be without merit.
Reversed and remanded for further proceedings consistent with this opinion.
MILLS, C.J., and THOMPSON, J., concur.