PER CURIAM.
This is an appeal from a compensation order finding claimant’s hernia and epidi-dymitis to be causally related to an industrial accident on April 5, 1979, and awarding claimant TTD benefits, based on an average weekly wage of $208.07. One point raised on appeal merits discussion.
In arriving at a figure for claimant’s average weekly wage, the deputy commissioner properly took into account the value of benefits provided to claimant by his employer such as free housing and utilities. Jess Parrish Memorial Hospital v. Ansell, 390 So.2d 1201 (Fla. 1st DCA 1980). However, it appears from the record that the employer continued to provide claimant with these fringe benefits up until March of 1980. We can find no support in the record for the statement in appellee’s brief that the benefits were actually being provided to claimant’s wife and brother, as compensation for their services, after the date of claimant’s accident. Claimant testified that his wife was not an employee of the dairy. The only reference to claimant’s brother’s work status was that on several occasions he worked for claimant when claimant was physically unable to complete the shift. This does not constitute competent, substantial evidence to establish that the benefits were not being supplied to claimant. Insofar as the compensation order fails to permit the employer/carrier to take a credit for the benefits provided claimant after the date of the accident, it is REVERSED. In all other respects, the order is AFFIRMED.
AFFIRMED in part and REVERSED in part.
BOOTH, SHAW and WENTWORTH, JJ., concur.