431 So.2d 202 (1983)
Eduardo LAVIN, Appellant,
v.
ALTON BOX BOARD COMPANY and Hartford Insurance Group, Appellees.
No. AK-248.
District Court of Appeal of Florida, First District.
April 27, 1983.
Rehearing Denied June 1, 1983.
David L. Kahn, P.A., Fort Lauderdale, for appellant.
*203 Mark L. Zientz of Williams & Zientz, Coral Gables, for appellees.
MILLS, Judge.
Lavin appeals and the employer/carrier (E/C) cross appeals from the deputy commissioner's order which established Lavin's average weekly wage (AWW) and the date of maximum medical improvement (MMI), granted temporary total disability (TTD) benefits, and awarded catastrophic loss benefits. We affirm in part and reverse in part.
Lavin sustained a compensable injury to his hand on 8 February 1980. At the time of his injury, he had been back on the job for only ten weeks, having previously sustained another injury on the job with the same employer for which he was paid TTD benefits. Lavin was continuing to receive these benefits during the eleventh, twelfth, and thirteenth weeks before his injury of 8 February. In addition to his regular salary, Lavin was given money for meals, and the E/C made contributions to a group insurance plan on his behalf.
In computing Lavin's AWW, the deputy commissioner examined several of Lavin's earlier pay periods in order to determine what hours and wages were called for by his "contract of employment." Lavin argues that the deputy commissioner was required to use his actual wages for the ten-week period preceding the injury of 8 February. The E/C urges that Section 440.14(1)(a), Florida Statutes (1979), should have been used to compute the AWW because Lavin was employed "during substantially the whole of 13 weeks immediately preceding the injury... ." We reject both arguments.
The E/C's argument is patently without merit because Lavin was receiving TTD benefits during the eleventh, twelfth, and thirteenth weeks preceding the injury. These benefits clearly are not "wages" within the meaning of Section 440.02(12), Florida Statutes (1979). The deputy commissioner, therefore, was correct in refusing to use Section 440.14(1)(a) in computing Lavin's AWW.
Lavin's contention that the deputy commissioner was bound to compute the AWW based on his actual wages for the ten-week period that he was on the job prior to his injury is likewise without merit. The deputy commissioner was at liberty to try to determine what was called for by Lavin's contract of employment pursuant to Section 440.14(1)(d), Florida Statutes (1979), since none of the other subsections of Section 440.14(1) were applicable. Simpkins v. Watson, 397 So.2d 432 (Fla. 1st DCA 1981); Penuel v. Central Crane Service, 232 So.2d 739 (Fla. 1970).
The E/C also argues that the deputy commissioner erred by including in his calculations compensation for meals and the employer's contributions to a group insurance plan. We disagree. Jess Parrish Memorial Hospital v. Ansell, 390 So.2d 1201 (Fla. 1st DCA 1980).
Both parties contest the deputy commissioner's finding that MMI was reached on 16 September 1980. We conclude, however, that this finding is supported by competent, substantial evidence and, therefore, it should not be disturbed.
The deputy commissioner did err, however, in awarding catastrophic loss benefits pursuant to Section 440.15(2)(b), Florida Statutes (1979), because there was no total loss of use of the hand because of organic damage to the nervous system. Lavin argues that under the 1979 version of Section 440.15(2)(b), a claimant need not prove that total loss of use was due to organic damage to the nervous system. We recently rejected this argument in E.B. Malone Corp. v. Johnson, 425 So.2d 622 (Fla. 1st DCA 1983).
Accordingly, that portion of the order awarding catastrophic loss benefits is reversed. In all other respects, the order is affirmed.
JOANOS and THOMPSON, JJ., concur.