0125

Debbie WELLINGTON, Respondent, v. S. C. EMPLOYMENT SECURITY COMMISSION and The Mohasco Corporation, of whom S. C. Employment Security Commission is Appellant. Appeal of S. C. EMPLOYMENT SECURITY COMMISSION.

(314 S. E. (2d) 37)

Court of Appeals

*William H. Griffin* and *Sandra D. Bell,* Columbia, *for appellant.*

*Reginald C. Brown, Jr.,* Florence, *for respondent.*

Heard Jan. 26, 1984.

Decided March 12, 1984.

SANDERS, Chief Judge:

Claimant Debbie Wellington (respondent) was denied unemployment compensation on the basis she was unavailable for employment. The circuit court reversed that decision by the South Carolina Employment Security Commission and the Commission appeals. We reverse.

Claimant was employed primarily as a switchboard operator by Mohasco Corporation, Dixiana Mill Division, in her hometown of Dillon, South Carolina. Her position included related clerical duties and serving as a receptionist in dealing with visitors to the plant. In May 1979, after approximately ten months on the job, claimant was terminated. At that time she was pregnant and expecting delivery in October.

Claimant testified she was able to work until September 1979, the month before her expected date of delivery. She further testified that in seeking a new position she had contacted potential employers in Dillon only by telephone. However, the record does not reflect the number of telephone inquiries, when they were made, or to whom they were directed. Claimant did not make any personal contacts after filing for benefits because she and her husband had only one car, and he was working from 6 a.m. until 12 midnight. Her testimony also indicated transportation "could be arranged" if she found work.

The Commission's claims adjudicator initially determined claimant was "separated with cause" and disqualified her from receiving unemployment compensation for seven weeks pursuant to section 41-35-120(2) of the 1976 Code of Laws of South Carolina, as amended. She appealed, and the Appeals Referee modified that determination. He found claimant had been separated under nondisqualifying circumstances but was ineligible for benefits because she was unavailable for employment. The Full Commission confirmed the decision of the Referee. On appeal to the Court of Common Pleas, the circuit judge reversed, finding claimant's search for employment was reasonable under the circumstances.

Section 41-35-110(3) of the 1976 Code requires that in order for an unemployed insured worker to be eligible to receive

benefits, the Commission must find, among other things, that the worker "is able to work and is available for work" and "is himself actively seeking work." The Commission contends telephone contacts alone are not sufficient to support such findings. Claimant argues the statute requires only a "reasonable" attempt to find employment, and under the facts of her case, telephone calls suffice.[1]

The burden is on a claimant to show compliance with benefit eligibility requirements. This includes a duty to show availability for work and a reasonable effort to obtain employment. *Hyman v. South Carolina Employment Security Commission*, 234 S. C. 369, 108 S. E. (2d) 554 (1959). The purpose of the availability requirement is to provide a test for determining whether a claimant is actually and currently attached to the labor market. *Hyman*, citing *Dwyer v. Appeal Board of Michigan Unemployment Compensation Commission*, 321 Mich. 178, 32 N. W. (2d) 434 (1948).

In *Hyman*, our Supreme Court held that a claimant's merely reporting to the Commission's employment office and contacting his local union did not constitute a personal search for employment. Because availability implies an applicant's "unrestricted exposure" to the labor market, the claimant there was found to be unavailable for work. In requiring a "reasonable" search for suitable work, the Court relied in part upon *Guidice v. Board of Review of Division of Employment Security*, 14 N. J. Super. 335, 82 A. (2d) 206 (1951), which cites *DeRose v. Board of Review*, 6 N. J. Super. 164, 70 A. (2d) 516 (1950), for the proposition that "reading want ads and telephoning a few places" falls short of an active search for work. *See Breskin v. Board of Review, Division of Employment Security*, 46 N. J. Super. 338, 134 A. (2d) 730 (1957), *also citing DeRose.*

Whether a claimant is available and actively seeking work is an issue of fact to be determined by the administrative agency in accordance with the facts and circumstances of each case. *Brown v. Board of Review*, 8 Ill. App. 3d 19, 289 N. E. (2d) 40 (1972). The "any evidence" standard of review over Commission factual findings was applied in *Hyman* pursuant to what is now section 41-35-750. We hold,

---

[1] The issue of separation is not presented by this appeal. We need only address the issue of claimant's availability.

and appellant so asserted in oral argument, that the "substantial evidence" test of the Administrative Procedures Act now governs. *See* S. C. Code Ann. § 1-23-380(g) (Supp. 1983); *Lark v. Bi-Lo, Inc.*, 276 S. C. 130, 276 S. E. (2d) 304 (1981).

The circuit judge in this case relied in part upon *Cascade Steel Rolling Mills, Inc. v. Employment Division*, 26 Or. App. 863, 554 P. (2d) 549 (1976). There, a railroad crane operator's telephone call to one other steel mill and registration with the Steelworker's Union Local was found to constitute an active search for work within six weeks of his unemployment. However, Oregon Administrative Rules allowed a claimant at least six weeks to seek work in his usual occupation before broadening his job search, and the court specifically noted it would be reasonable to conclude that claimant would hear of any openings for crane operators through the labor union.

We are aware claimant here was faced with seeking employment in a small town and needed to make transportation arrangements before any personal contacts could be made with potential employers. However, personal appearance is often an important factor in hiring switchboard and receptionist personnel. Contrary to the circuit judge's finding, we do not view this type employment as unique or as lessening the type of job search efforts which would be considered reasonable. There is substantial evidence to support the Commission's finding that claimant's efforts to obtain employment, based solely on undocumented and unverified telephone contacts, rendered her unavailable for work within the meaning of section 41-35-110(3). Therefore, the circuit judge erred in reversing the Commission.

While we recognize the difficulty the Commission may have in verifying efforts made by telephone, we do not go so far as to hold that such contacts may never meet the availability requirement. A determination of availability depends at least in part upon the facts and circumstances of each case, and no hard and fast rule can be laid down.

Accordingly, the order of the circuit court is reversed.

Reversed.

SHAW and BELL, JJ., concur.