22634

Harold MERCK, Respondent v. SOUTH CAROLINA EMPLOYMENT SE-
CURITY COMMISSION and Badische Corporation, of whom South
Carolina Employment Security Commission is Appellant.

(351 S. E. (2d) 338)

Supreme Court

*William H. Griffin* and *Sandra D. Bell* of *S. C. Employ-
ment Security Commission,* Columbia, *for appellant.*

*Glenn W. Thomason,* Anderson, *for respondent.*

Submitted June 19, 1986.

Decided Dec. 8, 1986.

*Per Curiam:*

This is an appeal from the circuit court's reversal of the Employment Security Commission's determination that respondent (Merck) was disqualified under S. C. Code Ann. § 41-35-120(2) (Supp. 1984)[1] from receiving unemployment benefits for a ten week period. We reverse.

The Commission's claims adjudicator initially determined that Merck had been discharged for misconduct under § 41-35-120(2) for attempted theft of his employer's property and was therefore ineligible for benefits for twenty-six weeks. Merck appealed. After a hearing, the appeal tribunal reversed the finding of misconduct holding Merck was eligible for benefits without disqualification. The employer appealed to the full Commission. After reviewing the record, the Commission found that Merck was discharged for misconduct warranting a ten week disqualification.

Merck filed a petition with the circuit court seeking judicial review of the full Commission's decision. The circuit court reversed holding that the Commission is a "board of review only" and that it had improperly reversed the appeal tribunal's decision which was supported by "ample" evidence.

Under S. C. Code Ann. § 41-35-710 (1986), the Commission reviews the decision of the appeal tribunal "on the basis of the evidence previously submitted in such case or [it may] direct the taking of additional evidence." The Commission has the authority to make its own findings of fact consistent with or inconsistent with those of the appeal tribunal. *See Hunter v. Patrick Constr. Co.*, 289 S. C. 46, 344 S. E. (2d) 613 (1986); *Green v. Raybestos-Manhattan, Inc.*, 250 S. C. 58, 156 S. E. (2d) 318 (1967); *see also Rogers v. Arizona Dept. of Economic Sec.*, 132 Ariz. 138, 644 P. (2d) 292 (Ct. App. 1982); *Chellson v. State Div. of Employment and Sec.*, 214 Minn. 332, 8 N. W. (2d) 42 (1943); *Belt v. Rutledge*, 330 S. E. (2d) 837 (W. Va. 1985); 81 C. J. S. *Social*

---

[1] This section was amended by Act. No. 154, § 6, 1985 S. C. Acts 584, now codified as S. C. Code Ann. § 41-35-120 (1986).

*Security* § 281(c) (1977). In reviewing the Commission's decision, the circuit court must affirm the factual findings of the Commission if they are supported by substantial evidence. S. C. Code Ann. § 1-23-380(g)(5) (1986); *Gibson v. Florence Country Club*, 282 S. C. 384, 318 S. E. (2d) 365 (1984).

In this case, two of Merck's co-workers testified that after a shift change they saw Merck leaving the building carrying a blue thermos bottle. When Merck noticed that a security check was being conducted at the plant gate he promptly turned around and headed back in the direction of the warehouse rest room. He later left the premises without the thermos bottle. Security personnel subsequently found a blue thermos bottle identical to Merck's hidden in the warehouse rest room. The bottle contained supplies belonging to the employer.

Substantial evidence is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached. *Gibson v. Florence Country Club, supra.* The Commission's finding that Merck was discharged for misconduct for attempted theft of company property is supported by substantial evidence. Accordingly, the judgment of the circuit court is reversed and the Commission's decision is reinstated.

Reversed.