1422

Lisa K. SVILAND, Respondent v. SOUTH CAROLINA EMPLOYMENT SECURITY COMMISSION and Alpha Transport Services, Inc., t/a Budget Rent-A-Car, Inc., of whom South Carolina Employment Security Commission is Appellant.

(387 S. E. (2d) 688)

Court of Appeals

*William H. Griffin* and *Sandra D. Bell,* S. C. Employment Security Com'n, Columbia, *for appellant.*

*Malcolm M. Crosland, Jr.,* of *Steinberg, Spitz, Goldberg, Pearlman, Holmes & White,* Charleston, *for respondent.*

Heard Nov. 15, 1989.

Decided Dec. 4, 1989.

SHAW, Judge:

Respondent, Lisa K. Sviland, sought unemployment benefits after resigning from her job at Alpha Transport Services, Inc. The South Carolina Employment Security Commission disqualified Sviland from receiving benefits. She petitioned the circuit court for review which reversed the decision of the Commission. The Commission appeals. We now reverse the decision of the circuit court.

Sviland was a payroll clerk for Alpha Transport Services, Inc. On July 29, 1987, Sviland submitted a letter of resignation to her employer giving two weeks notice. The letter detailed certain reasons for her resignation generally characterized as "unethical business practices." She concluded the letter saying, "I refuse to compromise my moral principles further and therefore am tendering two (2) weeks notice as of today, 29 July 1987."

On September 8, 1987, evidence and testimony were taken by a Commission Hearing Officer. At this hearing, Sviland testified to various occurrences and practices which she considered questionable as to their legality. Specifically she

charged the company instructed her she did not have to appear in a Georgia court even though her name appeared on a subpoena. She further objected to her employer instructing her to collect a customer's check which bounced after being altered by a clerk to reflect the correct contract amount. She also objected to instructions by her employer to reconcile payroll accounts since she was the payroll clerk and she preferred someone else to check her work. Finally, she objected to instructions that she was "not to do" wage garnishments as they would be handled individually.

At the hearing, Sviland's supervisor appeared on behalf of the company to answer the charges. As to the subpoena, the record shows the employer contacted the clerk of court and was informed Sviland's presence was not necessary as they were primarily concerned with the payroll records of the company. Another employee, whose name was included on the subpoena, was given the file to take to the Georgia court. As to the other matters, it is clear from the record these were merely management decisions which did not personally involve Sviland.

S. C. Code Ann. § 41-35-120(1) (1976) provides a worker is ineligible for unemployment benefits when he leaves work voluntarily, without good cause. The Commission determined as follows:

> After carefully considering all the reasons brought out by the claimant, along with a full explanation of each, we must determine that the claimant quit her employment for personal reasons rather than reasons that could be attributed to the employer. The claimant never got into any trouble for any of the instructions she was given, and she was only anticipating trouble.... Accordingly, this Commission must find that the claimant quit her employment without good cause attributable to that employment.

The trial judge reversed the Commission finding as follows:

> In light of the undisputed requirement by the [employer] that [Sviland] disregard lawful levies, subpoenas, and garnishment orders it was clearly erroneous in light of this reliable, probative and substantial

evidence for the Full Commission of the Employment Security Commission to hold that [Sviland] voluntarily separated from her employment with the [employer] and did so without good cause.

Under S. C. Code Ann. § 1-23-380(g)(5) (1976) in reviewing a decision of the Employment Security Commission, the circuit court must affirm the factual findings of the Commission if they are supported by substantial evidence. *Merck v. S. C. Employment Security Comm.*, 290 S. C. 459, 351 S. E. (2d) 338 (1986). Substantial evidence is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached. *Id.* 351 S. E. (2d) at 339.

Although Sviland may have considered the employer's business practices improper and immoral, such is a personal judgment which amounts to nothing more than a disagreement with management decisions. Her fears the company engaged in conduct of questionable legality are insufficient in light of the fact no such illegality was shown. Accordingly, we hold the Commission's finding that Sviland voluntarily separated from her employment without good cause is supported by substantial evidence. The judgment of the circuit court is reversed and the Commission's decision is reinstated.

Reversed.

BELL and CURETON, JJ., concur.