492 S.E.2d 625

**Wanda S. MURPHY, Appellant,**

v.

**SOUTH CAROLINA EMPLOYMENT SECURITY COMMISSION, Respondent.**

No. 2731.

Court of Appeals of South Carolina.

Submitted Sept. 9, 1997.

Decided Oct. 6, 1997.

Rolf M. Baghdady, Columbia, for appellant.

Harold W. Funderburk, Jr., of South Carolina Employment Security Division, Columbia, for respondent.

HOWELL, Chief Judge.

Appellant Wanda S. Murphy sought unemployment compensation. The claims adjuster of the South Carolina Employment Security Commission (Commission) denied Murphy's request on the basis that she was unavailable for employment. Murphy appealed the decision to the Commission's appeal tribunal and to the full Commission. Both bodies upheld the initial determination of the claims adjuster. Murphy then appealed to the circuit court, which affirmed the decision of the Commission. Murphy appeals the circuit court's decision. We affirm.

## I.

The scant record in this case presents material facts which are not in dispute. Murphy worked for approximately seven years as a part-time retail sales associate in an Irmo area K–Mart. For six of those seven years, Murphy maintained the weekday hours of 8:15 a.m. to 2:45 p.m., thus facilitating the transportation by Murphy of her two school-aged children to and from school.

At the hearing before the Appeal Tribunal of the Commission, Murphy testified that she is "only available for work in the Irmo area from 8:30 to 2:30, Monday through Friday." Murphy further testified that she is not available for full-time work, and that she would not accept full-time work if it was offered to her. Murphy stated that these limitations on her availability are permanent.

## II.

Murphy argues that the circuit court erred in affirming the decision of the Commission that she was ineligible for

benefits because she was unavailable for work as required under S.C.Code Ann. § 41–35–110(3) (1976). We disagree.

Section 41–35–110(3) requires that in order to be eligible to receive benefits, a claimant must prove, among other things, that the claimant "is able to work and is available for work at his usual trade, occupation, or business or in such other trade, occupation, or business as his prior training or experience shows him to be fitted or qualified." S.C.Code Ann. § 41–35–110(3) (1976). In *Wellington v. South Carolina Employment Security Commission,* 281 S.C. 115, 314 S.E.2d 37, (Ct.App. 1984), this court followed precedent in interpreting "available for work" to mean an " 'unrestricted exposure' to the labor market." *Id.* at 117, 314 S.E.2d at 38; *see also Hyman v. South Carolina Employment Sec. Comm'n,* 234 S.C. 369, 108 S.E.2d 554 (1959).

Whether a claimant is available for work is a question of fact for the Commission. *See Wellington,* 281 S.C. at 117, 314 S.E.2d at 39. The Commission determines whether a claimant has an "unrestricted exposure to the labor market" by looking at the facts and circumstances of each case. *Id.* Review of an administrative agency's factual findings is governed by the "substantial evidence" test of the Administrative Procedures Act, S.C.Code Ann. § 1–23–380(A)(6)(e) (Supp. 1996). *See Merck v. South Carolina Employment Sec. Comm'n,* 290 S.C. 459, 351 S.E.2d 338 (1986); *Lark v. Bi–Lo, Inc.,* 276 S.C. 130, 276 S.E.2d 304 (1981). "Substantial evidence is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached." *Merck,* 290 S.C. at 461, 351 S.E.2d at 339. A reviewing court "shall not substitute its judgment for that of the agency as to the weight of the evidence on the questions of fact." S.C.Code Ann. § 1–23–380(A)(6) (Supp.1996).

The Commission determined that Murphy failed to prove an "unrestricted exposure to the labor market" in order to qualify for unemployment insurance. The undisputed facts in the record demonstrate that Murphy flatly refused to work except in the Irmo area during the hours between 8:30 a.m. and 2:30 p.m. Under these facts, we cannot say, as a matter of law, that the Commission's factual determination that Murphy was

unavailable for work was against the substantial weight of the evidence.

For the foregoing reasons, the judgment of the circuit court is hereby

**AFFIRMED.**

HEARN and STILWELL, JJ., concur.