THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED 
 ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Michael Toner,       
Appellant,
 
 
 

v.

 
 
 
South Carolina Employment Security Commission,       
Respondent.
 
 
 

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No. 2005-UP-115
Submitted January 1, 2005  Filed February 15, 2005

AFFIRMED

 
 
 
Everett Hope Garner, of Columbia, for Appellant.
Harold W. Funderburk, Jr., of Columbia, for Respondent.
 
 
 

PER CURIAM:  Michael Toner appeals the decision 
 of the circuit court, affirming the Employment Security Commissions finding 
 that workers compensation benefits are excluded from the definition of wages 
 for purposes of calculating unemployment benefits.  We affirm.
FACTS
As a result of an onthe-job injury, Michael 
 Toner received temporary total workers compensation payments from November 
 9, 2000 to May 15, 2002.  During this same time period, Toner was laid-off from 
 work because of a lack of work. He sought unemployment benefits for the period 
 in question.   To determine the amount of his unemployment benefits, the South 
 Carolina Employment Security Commission considered the holidays and vacation 
 days for which Toner was paid and which the employer reported to the Commission 
 as wages. However, the Commission determined the workers compensation payments 
 should not be included in determining the amount of Toners unemployment benefits, 
 because they are not included in the definition of wages.  Section 41-27-380 
 of the South Carolina Code (1986) defines wages for tax and benefit computations 
 under the South Carolina Employment Security Law as follows:

(1) Wages means all remuneration 
 paid for personal services, including commissions and bonuses, any sums paid 
 to an employee by an employer . . ..Wages does not include:
(a) The amount of any payment with respect to services 
 performed in behalf of an individual in its employ under a plan or system established 
 by an employing unit which makes provision for individuals in its employ generally 
 or for a class or classes of individuals (including any amount paid by an employing 
 unit for insurance or annuities or into a fund to provide for any such payment), 
 on account of (i) retirement, (ii) sickness or accident disability, (iii) medical 
 and hospitalization expenses in connection with sickness or accident disability, 
 or (iv) death . . . .

Toner appealed to the circuit court, which agreed with 
 the Commission, finding workers compensation payments are not wages for purposes 
 of calculating Toners unemployment benefits.  Toner now appeals the circuit 
 courts order.  
STANDARD OF REVIEW
In an action at law, tried without a jury, 
 our standard of review extends only to the correction of errors of law.  Okatie 
 River, L.L.C. v. Southeastern Site Prep, L.L.C., 353 S.C. 327, 334, 577 
 S.E.2d 468, 472 (Ct. App. 2003) (citations omitted).  The circuit courts findings 
 will not be disturbed on appeal unless they are wholly unsupported by the evidence 
 or controlled by an erroneous conception of the application of the law.  Gordon 
 v. Colonial Ins. Co. of California, 342 S.C. 152, 155, 536 S.E.2d 376, 378 
 (Ct. App. 2000) (citation omitted).
Likewise, when reviewing the decision 
 of an administrative agency, our scope of review is limited, and we will neither 
 overturn the agencys findings of fact if they are supported by substantial 
 evidence, nor will we disturb the agencys rulings on questions of law if they 
 are sound as a matter of law.  Alton Newton Evangelistic Assn, Inc. v. South 
 Carolina Employment Sec. Commn, 284 S.C. 302, 304, 326 S.E.2d 165, 166 
 (Ct. App. 1985) (citations omitted).
LAW/ANALYSIS
Toner argues that because workers compensation 
 is not specifically excluded from the definition of wages and because the Employment 
 Security Law is remedial social legislation, workers compensation should 
 be included when calculating unemployment benefits.  We disagree.
The cardinal rule of statutory construction 
 is to ascertain and effectuate the intent of the legislature.  Charleston 
 County Sch. Dist. v. State Budget and Control Bd., 313 S.C. 1, 5, 437 S.E.2d 
 6, 8 (1993) (citing Bankers Trust of South Carolina v. Bruce, 275 S.C. 
 35, 37, 267 S.E.2d 424, 425 (1980)).  The best evidence of the legislative intent 
 is in the text of the statute.  Hodges v. Rainey, 341 S.C. 79, 85, 533 
 S.E.2d 578, 581 (2000) (citation omitted).  We cannot construe a statue without 
 regard to its plain and ordinary meaning, and we cannot resort to subtle or 
 forced construction in an attempt to limit or expand a statutes scope.  Pascal 
 v. State Election Commn, 317 S.C. 434, 437, 454 S.E.2d 890, 892 (1995) 
 (citation omitted).  Further, if statutes deal with the same subject matter, 
 we must reconcile them, if possible, so as to render both operative.  Hodges, 
 341 S.C. at 88, 533 S.E.2d at 583 (citing Butler v. Unisun Ins., 323 
 S.C. 402, 408, 475 S.E.2d 758, 761 (1996)).
Section 41-27-380 of the South Carolina 
 Code (1986) provides the definition of wages for computing benefits under our 
 South Carolina Employment Security Law.  Workers compensation is neither expressly 
 included in nor expressly excluded from the definition of wages.  See 
 S.C. Code § 41-27-380 (1986).
However, we are convinced that workers 
 compensation benefits are payments to employees under employers plans for a 
 class of individuals because of sickness or accident disability or expenses 
 in connection therewith and are implicitly excluded from the statutes definition 
 of wages.  Toners argument that workers compensation is not excluded from 
 the definition of wages turns on the notion that the workers compensation system 
 is a creature of statutenot one of an employing unit.  Under the laws governing 
 workers compensation, employers may opt out of the program if they prove they 
 have the ability to pay similar benefits or show they are self-insured.  See 
 S.C. Code Ann. § 42-5-10 (1976); S.C. Code Ann. § 42-5-20 (Supp. 2004).  In 
 other words, employers may participate in the workers compensation plan or 
 provide some other means of covering workers.  Such a system of payments is 
 the very type intended to be excluded by the Legislature from the calculation 
 of unemployment benefits. This holding is consistent with the way other courts 
 have decided this issue. See Molnar v. Admr, Unemployment Comp. Act 
  685 A.2d 1157, 1162 (Conn. Super. Ct. 1995), affd, 685 A.2d 1107 
 (Conn. 1996) (finding reasonable the board of reviews decision that workers 
 compensation payments did not constitute qualifying wages for purposes of 
 calculating unemployment compensation benefits under Connecticut law); Lavin 
 v. Alton Box Bd. Co., 431 So.2d 202, 203 (Fla. Dist. Ct. App. 1983) (noting 
 that temporary total disability benefits are not wages to be used in computing 
 workers average weekly wage); Swackhammer v. Unemployment Comp. Bd. of Review, 
 484 A.2d 851, 853 (Pa. Commw. Ct. 1984) (finding that wages as used in Pennsylvania 
 unemployment compensation law did not include workers compensation benefits 
 since they are awarded on account of job related disabilities and not in consideration 
 of personal services).
Toner also argues that inasmuch as vacation 
 and holiday pay were included in his wages and reported by the employer to the 
 commission, the definition of wages should be expanded in this case to include 
 workers compensation  payments. We disagree. Vacation and holiday pay were 
 part of his compensation set by the terms of Toners hiring agreement and are 
 necessarily included in the wages on which the employer is taxed for Employment 
 Security purposes. See State by Bassett v. Hatcher, 131 S.E.2d 
 172, 175 (W. Va. 1963); accord Carter v. Bd. of Review Under Oklahoma 
 Employment Sec. Act, 323 P.2d 362 (Okla. 1958). 
Finally, Toner argues that because our 
 Employment Security Law is remedial social legislation, it should be liberally 
 construed to include workers compensation as wages. In Alton Newton, 
 we held [a]s social legislation, the Employment Security Law should be construed 
 to provide protection to as many employees as possible.  284 S.C. at 305, 326 
 S.E.2d at 167 (citations omitted). Nevertheless, Toner has the burden to show 
 he meets the eligibility requirements of the statute. Hyman v. South Carolina 
 Employment Sec. Commn, 234 S.C. 369, 373, 108 S.E.2d 554, 556 (1959).   
 Considering our scope of review, the purpose of the Employment Security Law, 
 and the language of the statute, we conclude the circuit court was correct in 
 holding workers compensation benefits are excluded from the definition of wages.
CONCLUSION
Because we conclude workers compensation benefits 
 are not wages for the purpose of calculating unemployment benefits, we are constrained 
 to affirm the order of the circuit court. If there is an element of unfairness 
 in this decision, any remediation of such a result rests in the hands of the 
 Legislature.
AFFIRMED.
STILWELL, J., SHORT, J. and CURETON, A.J., concur.