**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Cellular Sales of South Carolina, LLC, Appellant,

v.

South Carolina Department of Employment and Workforce, Respondent.

Appellate Case No. 2013-000985

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

Unpublished Opinion No. 2014-UP-148
Submitted February 1, 2014 – Filed April 2, 2014

**AFFIRMED**

Page Mcaulay Kalish, of Robinson McFadden & Moore, PC, of Columbia, for Appellant.

Eugene Belton McLeod, III, of the South Carolina Department of Employment and Workforce, of Columbia, for Respondent.

**PER CURIAM:** Cellular Sales of South Carolina, LLC (Employer) appeals the Administrative Law Court's order affirming the South Carolina Employment

Security Commission's[1] decision finding Nadezda Rains (Claimant) and other similarly employed sales representatives were employees. Employer argues the Administrative Law Court (ALC) erred because: (1) Claimant was an independent contractor; and (2) the ALC's decision regarding other sales representatives was an advisory opinion, and the evidence in the record proves other sales representatives' relationships with Employer were different from Claimant's. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the ALC erred in finding Claimant was an employee: S.C. Code Ann. § 1-23-610(B) (Supp. 2013) ("The review of the [ALC's] order must be confined to the record. The court may not substitute its judgment for the judgment of the [ALC] as to the weight of the evidence on questions of fact. The court of appeals may affirm the decision or remand the case for further proceedings; or, it may reverse or modify the decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record . . . ."); *Merck v. S.C. Emp't Sec. Comm'n*, 290 S.C. 459, 461, 351 S.E.2d 338, 339 (1986) ("Substantial evidence is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached."); *Porter v. S.C. Pub. Serv. Comm'n*, 333 S.C. 12, 21, 507 S.E.2d 328, 332 (1998) ("[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent a court from concluding that substantial evidence supports an administrative agency's finding."); *Young v. Warr*, 252 S.C. 179, 189, 165 S.E.2d 797, 802 (1969) ("An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods, without being subject to the control of his employer except as to the result of his work."); *Todd's Ice Cream, Inc. v. S.C. Emp't Sec. Comm'n*, 281 S.C. 254, 258, 315 S.E.2d 373, 375 (Ct. App. 1984) ("In determining whether an individual is [an employee] or an independent contractor, the proper test to be applied is . . . whether there exists the right and authority to control and direct the particular work or undertaking, as to the manner or means of its accomplishment."); *id.* at 258, 315 S.E.2d at 375-76 ("The principal factors showing right of control are: (1) direct evidence of right or exercise of control, (2) method of payment, (3) furnishing of equipment, and (4) right to fire.").

---

[1] Effective March 30, 2010, the duties of the South Carolina Employment Security Commission were transferred to the South Carolina Department of Employment and Workforce (the Department). *See* Act No. 146, 2010 S.C. Acts 1168.

2. As to whether the ALC erred in finding similarly employed sales representatives were also employees: *Matter of Angela Suzanne C.*, 286 S.C. 186, 189, 332 S.E.2d 542, 543 (Ct. App. 1985) ("It is settled law that this [c]ourt will not issue advisory opinions on questions for which no meaningful relief can be granted."); S.C. Code Ann. Regs. 47-8 (2011) (establishing the South Carolina Department of Employment and Workforce has the duty of determining "whether an employer-employee relationship exists among parties . . . for the purpose of determining liability under the South Carolina Department of Employment and Workforce Laws"); *Merck*, 290 S.C. at 461, 351 S.E.2d at 339 ("Substantial evidence is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached."); *Kilgore Group, Inc. v. S.C. Emp't Sec. Comm'n*, 313 S.C. 65, 69, 437 S.E.2d 48, 50 (1993) (holding the employer had the burden to produce the testimony of other employees who the employer maintained operated under a different relationship than the employee who testified before the Department (citing *Ellison, Inc. v. Bd. of Review*, 749 P.2d 1280, 1285 (Utah Ct. App. 1988))).

**AFFIRMED.**[2]

**FEW, C.J., and SHORT and GEATHERS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.