**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Deonta L. Brinston, Respondent,

v.

South Carolina Department of Criminal Justice, Appellant.

Appellate Case No. 2015-000797

---

Appeal From The Administrative Law Court
Shirley C. Robinson, Administrative Law Judge

---

Unpublished Opinion No. 2016-UP-255
Submitted February 1, 2016 – Filed June 8, 2016

---

**AFFIRMED**

---

James M. Fennell, of the South Carolina Criminal Justice Academy, of Columbia, for Appellant.

Candy M. Kern-Fuller and Sarah Elizabeth Meadows, both of Upstate Law Group, LLC, of Easley, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:

1.  We find Deonta Brinston timely served his notice of appeal to the administrative law court.  *See* Rule 33, SCRPALC (stating a party must serve a copy of the notice of appeal from the final decision of an agency on each party and the agency within thirty days of receipt of the decision); Rule 5, SCRPALC ("Service is deemed complete upon mailing.").

2.  We find the administrative law court did not err in reversing the decision of the Law Enforcement Training Council.  *See* S.C. Code. Ann. § 1-23-610(B) (Supp. 2015) (providing this court reviews a decision of the administrative law court to determine whether its decision is supported by substantial evidence or is arbitrary, capricious, or characterized by an abuse of discretion); *Doe v. S.C. Dep't of Disabilities & Special Needs*, 377 S.C. 346, 349, 660 S.E.2d 260, 262 (2008) (stating the appellate court must determine whether the circuit court, sitting in its appellate capacity, properly found the agency's findings of fact were not supported by substantial evidence); S.C. Code Ann. § 1-23-380(5)(f) (Supp. 2015) (stating a reviewing court may reverse or modify the decision of an agency when it is arbitrary or capricious or characterized by an abuse of discretion); S.C. Code Ann. § 1-23-380(5)(e) (Supp. 2015) (providing a reviewing court applies the substantial evidence rule, and an agency's decision will be upheld unless it is "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record"); *McEachern v. S.C. Emp't Sec. Comm'n*, 370 S.C. 553, 557, 635 S.E.2d 644, 647 (Ct. App. 2006) ("Substantial evidence is evidence which, *considering the record as a whole*, would allow reasonable minds to reach the conclusion that the administrative agency reached." (emphasis added) (quoting *Merck v. S.C. Emp't Sec. Comm'n*, 290 S.C. 459, 461, 351 S.E.2d 338, 339 (1986)))

**AFFIRMED.**[1]

**HUFF, A.C.J., and KONDUROS and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.