22145

Mary Gail GIBSON, Claimant, Respondent, v. FLORENCE COUNTRY CLUB, Liable Employer, and Florence Country Club, Separating Employer, Appellant.

(318 S. E. (2d) 365)

Supreme Court

*A. E. Morehead, III*, of *Swearingen & Morehead*, Florence, *for appellant.*

*Michael Ballenger*, of *Harwell, Ballenger, & DeBerry*, Florence, *for respondent.*

Heard June 5, 1984.

Decided July 25, 1984.

NESS, Justice:

This is an appeal from the circuit court's reversal of the South Carolina Employment Security Commission's denial of unemployment benefits to respondent, Mary Gail Gibson. Appellant, Florence Country Club, contends the trial court erred in concluding Gibson was entitled to unemployment benefits, claiming the Commission's findings were supported by substantial evidence within the meaning of S. C. Code Ann. § 1-23-380(g)(5) (1983 Cum. Supp.). We agree and reverse.

Mary Gail Gibson was employed by Florence Country Club for approximately five years, the last three primarily as a full-time computer operator. While working on a full-time basis she received a base salary ranging from $150 to $165 per week, in addition to a share of a "gratuity fund" which amounted to $40 per week. Approximately two weeks prior to her final day of employment, the Club's management instituted a new salary structure which effectively substituted overtime hourly payment for the weekly gratuity fund salary supplement each employee received. Specifically, Gibson was to receive a base salary of $175 per week, an increase of $10 per week, as well as one and a half times her salary for any overtime she worked in a given week. Despite her contention that she "loved her job," Gibson resigned within one day after receiving notice of this change, claiming she had been subjected to an unwarranted salary decrease.

The Employment Security Commission, while recognizing the record contained conflicting testimony, determined Gibson had not voluntarily left her job for good cause attributable to her employment within the meaning of S. C. Code Ann. § 41-35-120(1) (1983 Cum. Supp.), finding there had been no "material change in her working conditions that justified her leaving" and denied unemployment compensation. Gibson then appealed this ruling to the circuit court, which reversed the Commission's decision, concluding Gibson had not been properly informed of the effects of the new salary system.

Basically, the only issue in this case concerns whether Gibson was informed of the specifics of the new system, which apparently would have had a negligible effect on her "take-home" salary. Gibson maintains she was never informed of the effect of the new salary structure on her particular situation, and was unaware she would receive the same, if not a higher amount of wages under this new procedure. The Club

argues that even if Gibson was not individually informed of the details of the new salary procedure, it is easily inferrable that she became aware of the effect of this system through her interaction with management and fellow employees during the period she worked subsequent to the submission of her letter of resignation, which occurred only one day after she was informed of the salary changes.

At oral argument, both parties claimed our standard of review in this matter was governed by S. C. Code Ann. § 41-35-750 (1976), rather than S. C. Code Ann. § 1-23-380(g) (1983 Cum. Supp.) of the Administrative Procedures Act (APA), S. C. Code Ann. § 1-23-310, et seq. We disagree.

Clearly, the Employment Security Commission is an agency within the meaning of S. C. Code Ann. § 1-23-310(1) of the APA as "it has rule making authority, and hears and decides contested matters." *Lark v. Bi-Lo, Inc.*, 276 S. C. 130, 134, 276 S. E. (2d) 304, 306 (1981). In *Lark* we thoroughly analyzed the conflict between the standard of review provisions of the APA and those of S. C. Code Ann. § 42-17-60 (1976) of the Workers' Compensation Act, and held the latter had been implicitly repealed by the institution of the APA. We find the *Lark* rationale to be equally applicable to the present situation as the amendment of S. C. Code Ann. § 1-23-320(a), to exempt Employment Security Commission proceedings from that section's thirty day notice requirement, evidences a "legislative recognition that the [APA] applie[s] to [Employment Security] cases." *Lark*, 276 S. C. at 134, 276 S. E. (2d) 304.

Accordingly, we hold the "substantial evidence test" required by § 1-23-380(g)(5) provides the proper standard of review in this matter. *See also Floyd v. Employment Security Commission*, 316 S. E. (2d) 143 (S. C. 1984).

"Substantial evidence is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached." *Carter v. South Carolina Coastal Council*, 314 S. E. (2d) 327, 328 (S. C. 1984). When determining whether the record contains "substantial evidence" upon which to support an agency's findings, a trial court must "not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." S. C. Code Ann. § 1-23-380(g). We feel the trial court erroneously weighed the evidence in this case and hold the

substantial evidence in the record supports the Commission's determination that Gibson resigned with notice of the effects of the new salary procedure. The Commission's order is reinstated.

Reversed.

LITTLEJOHN, C. J., GREGORY, J., and ALEXANDER M. SANDERS, JR. and RODNEY A. PEEPLES, Acting Associate Justices, concur.