22674

SOUTH CAROLINA DEPARTMENT OF MENTAL RETARDATION, Respondent v. Mary Y. GLENN and State Employee Grievance Committee, of whom Mary Y. Glenn is Appellant.

(353 S. E. (2d) 284)

Supreme Court

*Frank S. Potts* of *Lewis, Lewis, Bruce and Truslow,* Columbia, *for appellant.*

*James R. Hill* of *South Carolina Department of Mental Retardation,* Columbia, *for respondent.*

Heard Jan. 6, 1987.

Decided Feb. 16, 1987.

CHANDLER, Justice:

Mary Y. Glenn (Glenn) appeals a Circuit Court reversal of an order of the State Employee Grievance Committee (Committee).

We reverse.

## FACTS

Glenn has been employed since 1976 as a Mental Retardation Specialist with the South Carolina Department of Mental Retardation (Department) at the Midlands Center in Columbia. She was terminated from her position based upon

allegations she physically abused a patient under her care on March 5, 1983. She filed a grievance under the Department's employee grievance plan, but was unsuccessful in refuting the allegations against her at an "in-house" Department proceeding. *See* S. C. Code Ann. § 8-17-330 (1986).

Thereafter, Glenn appealed to the Committee which, after a full *de novo* hearing, ruled the allegations of patient abuse were not supported by the evidence and ordered Glenn reinstated. The Department appealed to the Circuit Court pursuant to S. C. Code Ann. § 8-17-340 (1986).

The Circuit Court reviewed the record pursuant to the terms of the Administrative Procedures Act, S. C. Code Ann. § 1-23-380 (1986). The Court held the decision of the Committee was "unsupported by substantial evidence on the whole record" and reversed the order reinstating Glenn.

## ISSUE

Whether the order of the Committee is supported by substantial evidence.

## SUBSTANTIAL EVIDENCE

The Committee's decision was limited to the charge upon which the Department terminated Glenn: that on March 5, 1983, she had committed physical abuse upon a patient. At the Committee hearing, Glenn's testimony that she did not commit the abuse was corroborated by a co-worker, Earnestine Martin. Glenn sharply questioned the credibility of a witness for the Department, Maxine Reese, who testified she had seen Glenn commit the abuse. While the Department presented two additional witnesses who testified they had seen Glenn commit acts of physical abuse prior to March 5, there was no evidence, other than that of Maxine Reese, that Glenn committed abuse on that date.

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Hunter v. Patrick Construction Co.*, 289 S. C. 46, 344 S. E. (2d) 613 (1986); *Lark v. Bi-Lo, Inc.*, 276 S. C. 130, 276 S. E. (2d) 304 (1981). When determining whether the record contains substantial evidence to support an administrative agency's findings, the Circuit Court cannot substitute its judgment on the weight of the evidence for that of

the agency. *Gibson v. Florence Country Club*, 282 S. C. 384, 318 S. E. (2d) 365 (1984). The possibility of drawing two inconsistent conclusions from the evidence does not prevent the agency's findings from being supported by substantial evidence. *Hunter; Palmetto Alliance, Inc. v. S. C. Public Service Comm'n*, 282 S. C. 430, 319 S. E. (2d) 695 (1984).

The evidence in this case was conflicting as to whether Glenn abused a patient on March 5, 1983. However, the testimony of Glenn and Ernestine Martin constituted substantial evidence within the meaning of § 1-23-380(g)(5). Accordingly, we hold the Circuit Court erred in reversing the Committee's decision.

Reversed.

NESS, C. J., GREGORY, FINNEY, JJ., and LAWRENCE E. RICHTER, JR., Acting J., concur.