22857

SOUTH CAROLINA DEPARTMENT OF MENTAL HEALTH, Respondent
v. Sidney A. MOORE, Jr., Appellant.

(367 S. E. (2d) 27)

Supreme Court

*V. Jean Burkins* of *Finkel, Georgaklis, Goldberg, Sheftman & Korn, P.A.,* Columbia, *for appellant.*

*Kennerly M. McLendon* and *Mark W. Binkley, S. C. Dept. of Mental Health,* Columbia, *for respondent.*

Heard Feb. 16, 1988.

Decided April 4, 1988.

HARWELL, Justice:

The State Employee Grievance Committee (Committee) ordered appellant Sidney A. Moore, Jr., (Moore) reinstated with back pay after he was fired by the South Carolina Department of Mental Health (Department). The circuit court reversed that Order, and Moore appeals. We affirm.

Moore worked for the Department as an administrative assistant from August 1980 to July 11, 1986, when he was fired. The following are the relevant events leading to Moore's termination:

(a) On January 8, 1986, Moore was issued a written warning notice for firing a Kelly Services contract employee "for chiefly personal reasons" and for telling another Department employee that the Kelly Services employee was involved in a lesbian relationship with Moore's ex-wife. The notice censured Moore for "knowingly circulating false reports, malicious gossip or rumors" contrary to Department disciplinary directives.

(b) On March 19, 1986, Moore received a second written warning notice for (i) failing to maintain a "harmo-

nious working relationship" with another employee, based on Moore's "demeaning, condescending, and intimidating" comments during an "emotional" exchange between Moore and a subordinate; (ii) failing to comply with his supervisor's direct written order to draft an Employee Performance Management System (EPMS) planning stage; and (iii) failing to comply with detailed written instructions "and use commonly accepted problem solving techniques" while developing automated programs.

(c) On March 31, 1986, Moore received his third written warning citing "inappropriate behavior for a person who has functioned as an Administrative Assistant III" for four years. In this warning notice, Moore's supervisor explained Moore's specific performance and disciplinary shortcomings, including: (1) Recommending an EPMS that directly contravened Department policy; (2) continuously claiming to be "unclear" on assigned duties, despite detailed training and instruction; (3) continuously challenging the supervisor's authority; (4) submitting a "totally unacceptable" EPMS planning stage and (5) failing to follow instructions regarding a computer contract. This was Moore's third warning within three months, so he was suspended for three days and warned that any further incident of inappropriate behavior would result in immediate dismissal.

(d) On June 9, 1986, Moore was issued a fourth written warning notice formally notifying him of substandard job performance and direct insubordination regarding a billing program. The notice also advised Moore that failure to significantly improve his performance by July 9, 1986, or recurrence of inappropriate behavior within six months, would result in termination.

(e) On July 10, 1986, Moore's performance appraisal was completed: he was given a "Below Performance Requirements" rating by his supervisor.

(f) On July 11, 1986, Moore was terminated for performing "below performance requirements."

The Department's director upheld the termination after an interagency grievance proceeding held pursuant to S. C.

Code Ann. § 8-17-330 (1986). Moore appealed both the three-day suspension and termination. The Committee ruled the suspension inappropriate because the written warnings were unwarranted; consequently the termination based upon those written warnings was invalidated. The Committee ordered removal of the records of the suspension and the three written warnings from Moore's personnel file and awarded reinstatement with full back pay and benefits.

The Department appealed, seeking circuit court review of the Committee's findings and decision pursuant to S. C. Code Ann. § 8-17-340 (1986). The circuit court reversed the Committee's decision on the grounds that the Committee's findings were not supported by "substantial evidence."

The issue here is whether the circuit court properly reversed the Committee's findings and decision as clearly erroneous in view of the substantial evidence on the whole record. *See* S. C. Code Ann. § 1-23-380(g)(5) (1986).

In *S. C. Dept. of Mental Retardation v. Glenn*, 291 S. C. 279, 353 S. E. (2d) 284 (1987), we defined substantial evidence and explained proper appellate review:

> Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Hunter v. Patrick Construction Co.*, 289 S. C. 46, 344 S. E. (2d) 613 (1986); *Lark v. Bi-Lo, Inc.*, 276 S. C. 130, 276 S. E. (2d) 304 (1981). When determining whether the record contains substantial evidence to support an administrative agency's findings, the Circuit Court cannot substitute its judgment on the weight of the evidence for that of the agency. *Gibson v. Florence Country Club*, 282 S. C. 384, 318 S. E. (2d) 365 (1984).

*Id.* at 282, 353 S. E. (2d) at 286.

We agree with the trial judge that the findings and decisions of the Committee were clearly erroneous in view of the substantial evidence on the whole record. We discern no substitution of circuit court judgment here for that of the Committee. The court correctly ruled that the Committee failed to reach the only conclusion adequately supported by the relevant evidence.

Several examples typify the Committee's failure to base its findings on substantial evidence and illustrate the clear

error of the decision based on those findings. First, the second written warning issued to Moore alleged three specific instances of deficient performance and inappropriate behavior. Despite testimony concerning all three charges, the Committee addressed only the inappropriate behavior allegation in dismissing the written warning as unwarranted. The Committee ignored the two allegations of deficient job performance. Next, addressing the third warning, the committee struck down the warning because "no specific inappropriate behavior was described." The record reflects, however, that the warning contained five detailed examples of Moore's deficient job performance *and* inappropriate behavior. Finally, the Committee's ultimate decision invalidating the termination was based on the clearly erroneous finding that Moore was terminated for receiving four written warnings. The record makes patently clear that Moore was fired for receiving a "below performance requirements" rating on his annual appraisal.

Moore's disciplinary and performance deficiencies were thoroughly documented. Nothing in the exhibits, the co-workers' testimony, or Moore's testimony constitutes substantial evidence to support the Committee's findings and decisions. Those findings and decisions were, therefore, clearly erroneous, and the circuit court properly reversed the Committee.

The Order of the circuit court is

Affirmed.

NESS, C. J., and GREGORY, CHANDLER and FINNEY, JJ., concur.