2136

Ronald L. RUOCCO, Appellant v. SOUTH CAROLINA STATE BOARD OF REGISTRATION FOR PROFESSIONAL ENGINEERS AND LAND SURVEYORS, Respondent.

(441 S.E. (2d) 829)

Court of Appeals

*Beverly A. Carroll,* of *Kennedy, Covington, Lobdell & Hickman,* Rock Hill, *for appellant.*

*James G. Bogle, Jr., Asst. Atty. Gen.,* Columbia, *for respondent.*

Heard Nov. 2, 1993.

Decided Feb. 22, 1994. Reh. Den. Apr. 15, 1994.

HOWELL, Chief Judge:

Ronald L. Ruocco appeals the circuit court's order affirming the South Carolina State Board of Registration for Professional Engineers and Land Surveyors' denial of his application to be licensed as a professional engineer. We affirm.

The facts are uncontroverted. Ruocco received a degree in Civil Engineering Technology from Virginia Polytechnic Institute and State University (VPI) in 1977. In 1990, Ruocco became licensed in Virginia. In early 1991, Ruocco applied for a South Carolina license.[1]

The Board initially denied Ruocco's application stating Ruocco's engineering technology degree did not satisfy the minimal educational requirements under the statute. The circuit court reversed and remanded the Board's decision, noting the Board had denied Ruocco's application based solely upon the type of educational degree he had received from VPI. The court also found such an across-the-board policy that an engineering technology degree did not meet the definition of a "related engineering science curriculum" was arbitrary and capricious.

On remand, the Board evaluated Ruocco's educational background to determine if his degree met the requirements for a related engineering science curriculum. Once again, the Board denied Ruocco's application for registration as a professional engineer. Ruocco again appealed to the circuit court, which affirmed the decision of the Board.

---

[1] Ruocco first applied for his license in January, 1991. The relevant portion of the statute reads as follows.

The minimum evidence satisfactory to the Board that an applicant is qualified for registration as a professional engineer is:

. . . .

(2) Graduation in an engineering or a *related engineering science curriculum* of four years or more in a school or college other than those approved by the Board. A specific record of *eight years or more of experience* on engineering work of a character satisfactory to the Board, indicating that the applicant is competent to practice engineering and who has passed the written examinations required of applicants. . . .

S.C. Code Ann. § 40-21-180(2) (1986), *repealed by* 1991 Act No. 99, § 5, eff. July 1, 1991 (emphasis added). This section has been recodified as S.C. Code Ann. §§ 40-22-190 to -200 (Supp. 1993).

## I.

Ruocco first contends the circuit court erred in affirming the decision of the Board because the decision was arbitrary and capricious. We disagree.

The Board is an agency for purposes of the Administrative Procedures Act. S.C. Code Ann. § 1-23-10(1) (1986). This court's review of a decision made pursuant to the Act is limited. S.C. Code Ann. § 1-23-380 (1986).[2] Our review is to determine if there is substantial evidence to support the findings of the Board. *Gibson v. Florence Country Club*, 282 S.C. 384, 318 S.E. (2d) 365 (1984); *see also Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 276 S.E. (2d) 304 (1981) (noting the substantial evidence test must not be either judicial fact-finding or a substitution of judicial judgment; and a judgment upon which reasonable men might differ will not be set aside). To determine if there is substantial evidence to support the agency's findings, we view the record as a whole to determine if there is evidence that would allow reasonable minds to reach the conclusion the administrative agency reached. *Gibson*, 282 S.C. at 386, 318 S.E. (2d) at 367.

The record contains letters from several engineering professionals comparing an engineering technology degree to an engineering degree. These letters support the Board's determination that an engineering technology degree is insufficient to satisfy the statutory educational requirements. In addition, the Board submitted Ruocco's curriculum information to three engineering professionals for an analysis of Ruocco's coursework. All three found deficiencies.

We find the record replete with efforts by the Board to review fairly Ruocco's application. We, therefore, can discern nothing from the record to indicate the Board's finding was arbitrary or capricious.

## II.

Ruocco next contends the legislature did not intend to require both minimum education requirements *and* eight years experience.

---

[2] Section 1-23-380 has recently been amended. This amendment, however, is not effective until July, 1994.

The construction of a statute by the agency charged with its administration will be accorded the most respectful consideration and will not be overruled absent compelling reasons. *Dunton v. South Carolina Bd. of Examiners in Optometry,* 291 S.C. 221, 353 S.E. (2d) 132 (1987).

The general assembly has delegated to the Board the exclusive authority to determine the qualifications of applicants to be licensed as professional engineers. Section 40-21-10 defines the term "professional engineer" as:

> [A] person who, by reason of his special knowledge of the mathematical and physical sciences and the principles and methods of engineering analysis and design, acquired by *professional education and practical experience,* is qualified to practice engineering, as defined in this section, as attested by his legal registration as a professional engineer[.]

S.C. Code Ann. § 40-21-10 (1986), *repealed by* 1991 Act No. 99, § 5, eff. July 1, 1991 (emphasis added).[3]

The Board, in keeping with the definition of a "professional engineer" under section 40-21-10, interprets the statute to require both education and experience as prerequisites to obtain a license as a professional engineer in this state. We find no compelling reason to reject the Board's interpretation of the statute.

We conclude, therefore, that a degree in engineering technology from Virginia Polytechnic Institute and State University (VPI) does not meet the requirements for a related engineering science curriculum sufficient to qualify under the applicable standard.

Accordingly, the decision of the circuit court is

Affirmed.

CURETON and GOOLSBY, JJ., concur.

---

[3] This section has been recodified as S.C. Code Ann. § 40-22-10 (Supp. 1993).