2182

MILLIKEN & COMPANY, PENDLETON PLANT, Appellant v. SOUTH CAROLINA EMPLOYMENT SECURITY COMMISSION and Phyllis W. Gantt, Claimant, Respondents.

(445 S.E. (2d) 640)

Court of Appeals

*M. Lee Daniels, Jr.* and *Joel S. Brandon,* of *Daniels & Brandon,* Greenville, and *Alfred B. Robinson, Jr.,* Easley, *for appellant.*

*H. Williams Funderburk, Jr.* and *William H. Griffin,* of *S.C. Employment Sec. Com'n,* Columbia, *for respondents.*

*Phyllis W. Gantt, pro se.*

Howell, Chief Judge:

Milliken & Company contests the eligibility of Phyllis W. Gantt to receive unemployment benefits following her termi-

nation. The circuit court upheld the Employment Security Commission's ruling that Gantt should not be disqualified from full benefits. Milliken appeals. We reverse and remand.

Gantt was employed by Milliken as a line operator for approximately three years. On March 10, 1992, Milliken discharged Gantt for creating a disturbance in the workplace, threatening co-workers, and using abusive language.

On appeal, Milliken contends the Commission erred in categorizing the evidence of misconduct by the employer witnesses as hearsay and according it little or no weight in its decision.[1] Also, Milliken argues the Commission erred as a matter of law because it made a distinction between misconduct committed in the workplace and misconduct committed in a break area of the plant.

## I.

In an appeal from the Employment Security Commission, our review is limited to whether there is substantial evidence to support the findings of the Commission. *Wellington v. S.C. Employment Sec. Comm'n*, 281 S.C. 115, 314 S.E. (2d) 37 (Ct. App. 1984); *see Todd's Ice Cream, Inc. v. S.C. Employment Sec. Comm'n*, 281 S.C. 254, 315 S.E. (2d) 373 (Ct. App. 1984) (holding the Employment Security Commission is an agency within the meaning of S.C. Code Ann. § 1-23-310(1)). Substantial evidence is something less than the weight of the evidence. It is evidence which allows reasonable minds to reach the same conclusion that the administrative agency reached. *Todd's*, 281 S.C. at 258, 315 S.E. (2d) at 375. If, viewing the evidence in its entirety, we determine the Commission's findings are erroneous, we may reverse or modify the decision. *Id.; DeGroot v. Employment Sec. Comm'n*, 285 S.C. 209, 328 S.E. (2d) 668 (Ct. App. 1985).

The Commission found Milliken's witnesses presented only "hearsay . . . evidence" and Milliken's witnesses had not observed Gantt's behavior. Our review of the record, however, reveals Gantt did threaten her co-workers. In addition, her co-workers testified that her conduct toward

---

[1]Two evidentiary hearings were conducted. At the first hearing, the employer presented only one witness, the human resource manager of the Pendleton Finishing Plant, who testified from statements of co-workers. At the second hearing the co-workers themselves were called.

them was disruptive to their job performance.[2]

Witnesses called by Gantt offer nothing to controvert the testimony of Milliken's witnesses. Two of the three witnesses called by Gantt stated they had no knowledge of any disruptive conduct. They admitted, however, that they were not present on the shifts when the alleged conduct occurred. The third witness called by Gantt corroborated Milliken's witnesses' testimony by admitting she and Gantt had a confrontation, but they had worked it out.

Having thoroughly reviewed the testimony presented, we disagree with the circuit court's finding that the record supports the Commission's finding. To the contrary, the evidence supports only the conclusion that Gantt was involved in conduct which disrupted the workplace.

## II.

Milliken next contends the Commission and the circuit court erred in applying the statute to determine the eligibility of Gantt for benefits. We agree.

The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature. *Bankers Trust v. Bruce*, 275 S.C. 35, 267 S.E. (2d) 424

---

[2] Milliken's witnesses testified as follows:

HEARING OFFICER: Do you have any knowledge of the circumstances that brought about Ms. Gantt's termination or discharge?
1st EMPLOYER WITNESS: Yes sir.
HEARING OFFICER: Just tell me what happened.
1st EMPLOYER WITNESS: Well the Sunday night before she was terminated, she came in the canteen and she was just raising cain about somebody talking about her. She really sounded angry you know and she was giving everybody a hard time. And she wouldn't speak to me and all the inspectors she was around. And we didn't speak all night long you know, and then someone told me that she had called me a "damn nosy bitch."
EMPLOYER ATTORNEY: Did she ever disrupt your work?
1st EMPLOYER WITNESS: Well yes, she would yell at me while I would be working, and she would yell at me and say you done this and you missed that. . . . [I]t kept my nerves tore up quite a bit.

\* \* \* \* \*

Milliken's second witness testified as follows:

2nd EMPLOYER WITNESS: Well we were on the third shift on Monday night; I had went out (Unclear) and I came back in the canteen. (Unclear) on my break . . . she had been standing there looking at me real hard and hollering at me, and wanting to know why I did not put the weight in the computer for her (Unclear), which sometimes I forget to do that because

(1980). Although this is a question of law and we are not bound by the Commission's decision, the construction of a statute by the agency charged with its administration is accorded the most respectful consideration. *Faile v. S.C. Employment Sec. Comm'n,* 267 S.C. 536, 230 S.E. (2d) 219 (1976).

S.C. Code Ann. § 41-35-120(2) (1986) states, in part, as follows:

> Any insured worker is ineligible for benefits for:
> (2) *Discharge for cause connected with the employment.* If the Commission finds that [s]he has been *discharged for cause connected with h[er] most recent work. . . .* 'Cause connected with the employment' as used herein shall require more than a failure in good performance of the employee as the result of inability or incapacity.

(Emphasis added.)

The commission, finding Gantt eligible for benefits, concluded "the . . . evidence presented indicates that claimant's allegedly disruptive behavior occurred *in the break area,* if it occurred at all." (Emphasis added.) The implicit finding of the Commission is that conduct that occurs in the break area is

---

we had just started going out to the line, so she stood up at me and hollered at me.
HEARING OFFICER: This was in the canteen?
2nd EMPLOYEE WITNESS: Yes.

\* \* \* \* \*

HEARING OFFICER: Was there any disruption of the work flow?
2nd EMPLOYEE WITNESS: Yes it made me upset. . . .
EMPLOYER ATTORNEY: Did Ms. Gantt ever disrupt or interrupt work on the work floor on other occasions, not just on March 10, 1992?
2nd EMPLOYER WITNESS: Well she did go around hollering at people.
EMPLOYER ATTORNEY: Did she ever threaten anybody?
2nd EMPLOYER WITNESS: Yes, she was sitting in the canteen on that same night.
EMPLOYER ATTORNEY: What did she do?
2nd EMPLOYER WITNESS: She was sitting across from me, but I don't know if she was talking straight at me but she was kind of mumbling that she was going to slap somebody down.

\* \* \* \* \*

Milliken's third witness testified as follows:

CLAIMANT: You said the night of the baby shower that I was raving and screaming and hollering?
3rd EMPLOYER WITNESS: Yeah, in the Shade Room. I opened the door to go out as you opened it to come in.

not sufficient to constitute discharge for cause connected with work. We disagree.

Our statute does not define conduct "connect[ed] with . . . work." Nor, is there any South Carolina case that does so.[3] Our Supreme Court has not ruled on conduct outside of the work area as it affects discharge for cause connected with employment. Section 41-27-20, entitled "Declaration of State public policy," establishes unemployment reserves for the benefit of persons unemployed through *"no fault of their own."* S.C. Code Ann. § 41-27-20 (1986) (emphasis added). This declaration is instructive in deciding the issue presented here. *Stone Mfg. Co. v. South Carolina Employment Sec. Comm'n,* 219 S.C. 239, 64 S.E. (2d) 644 (1951).

Other jurisdictions offer factors to consider in determining if conduct is connected with work.[4] In *Sain v. Labor and Industrial Relations Commission,* the Missouri Court of Appeals was faced with defining what constitutes "misconduct *connected with* [her] *work." Sain,* 564 S.W. (2d) 59 (Mo. App. 1978). We agree with the Missouri court's initial determination that the question of whether conduct is connected with work necessitates a case by case analysis. Factors to consider include whether the act occurred during working hours; whether the act occurred while the employee was engaged in her work; whether the act occurred on the employer's premises; and whether the employee took advantage of the employment relation in order to commit the act.[5] *Id.; See also O'Neal v. Employment Sec. Agency,* 89 Idaho 313, 404 P. (2d) 600 (1965) (recognizing that there are circumstances in which conduct is so closely connected with the business interests of the employer that it may warrant disqualification of benefits even if it occurs off of the working premises); *Johnson v. Board of Comm'rs,* 348 So. (2d) 1289 (La. App. 1977) (noting that disqualification for misconduct is dependent upon the peculiar facts of each case and such conduct does not have to occur on the job); *see generally* 76 Am. Jur. (2d) *Unemployment Compensation* §§ 77-78 (1992).

---

[3] In 1985 the legislature amended this portion of the statute. Our Supreme Court interpreted the prior statute in *Lee v. S.C. Employment Sec. Comm'n,* 277 S.C. 586, 291 S.E. (2d) 378 (1982).

[4] We recognize that the statutes of other jurisdictions may vary slightly from our own.

[5] No factor is dispositive. Nor is this list exhaustive.

The Commission concluded the alleged disruptive behavior occurred, if at all, in the break area while Gantt was off duty. In our view, the legislature declined to designate the proximity in which the conduct must occur. Instead, the statute only requires the cause of discharge to be connected to Gantt's employment. The legislature shows no intent to limit where the "cause" for discharge occurred. We, therefore, disagree with the circuit court's reading of the Commission's findings. We find the Commission erred, as a matter of law, in its application of the statute by failing to consider conduct in the break area sufficient to warrant discharge.

The record reveals the misconduct was not confined to the break area. Moreover, misconduct in the break room alone would not have been any less egregious. The clear inference from the testimony is that this conduct, during working hours while the employee was being paid, was in disregard of the standard of behavior the employer had a right to expect. *See Lee v. S.C. Employment Sec. Comm'n*, 277 S.C. 586, 291 S.E. (2d) 378 (1982) (listing factors that constitute "misconduct").

For the foregoing reasons, we hold Gantt was discharged for cause connected with her employment. Accordingly, pursuant to section 41-35-120(2), we remand this case to the Commission for a determination of the resulting ineligibility period. *See* S.C. Code Ann. § 41-35-120(2) (1986) (stating the ineligibility period *must* be determined by the Commission in each case according to the seriousness of the cause for discharge) (emphasis added).

The order of the circuit is, therefore,

Reversed and remanded.

SHAW and CURETON, JJ., concur.