24386

MILLIKEN & COMPANY, Pendleton Plant, Respondent v. SOUTH CAR-
OLINA EMPLOYMENT SECURITY COMMISSION and Phyllis W.
Gantt, Claimant, of whom South Carolina Employment Security Commis-
sion is, Petitioner.

(468 S.E. (2d) 638)

Supreme Court

*H. William Funderburk, Jr.,* of *The South Carolina Em-
ployment Security Commission,* Columbia, *for petitioner.*

*M. Lee Daniels, Jr.* and *Joel S. Brandon,* of *Daniels &
Brandon,* Greenville; and *Alfred B. Robinson,* Easley, *for re-
spondent.*

Heard Sept. 21, 1995.

Decided Mar. 18, 1996; Reh. Den. Apr. 18, 1996.

FINNEY, Chief Justice:

We granted certiorari to the Court of Appeals to review one issue: Was the Commission's decision to award unemployment benefits to claimant Gantt supported by substantial evidence, and therefore did the Court of Appeals err in reversing that award in *Milliken v. South Carolina Employment Sec. Comm'n*, 315 S.C. 492, 445 S.E. (2d) 640 (Ct. App. 1994)? We find substantial evidence to support the benefit award and reverse the Court of Appeals.

Gantt was discharged by respondent for allegedly upsetting other employees during two incidents. Respondent presented three witnesses who testified to Gantt's outbursts, one in the "shade" room, and the other in the canteen. None of these witnesses testified that these incidents caused any disruption in their work or that of any other employee. Gantt testified and denied either outburst had occurred. She called two other employees who had worked the same shifts. Both of these witnesses testified that, although they were not present at all times that Gantt was in the canteen or the shade room, they were there off and on during the shift and neither observed any disruptive behavior on her part.

The Commission found that Gantt's "allegedly disruptive behavior occurred in the break area, if it occurred at all. . . . On the whole, the record does not contain competent evidence shoeing that [Gantt] engaged the [sic] conduct alleged." (Emphasis added.) The Court of Appeals held the Commission erred in concluding that conduct which occurred in a break area could not support termination for cause, and further held the evidence supported only one conclusion, that is, the conduct alleged by respondent had occurred. *Milliken, supra*. We granted certiorari to review only the second holding concerning the evidence.

It is well settled that decisions of administrative agencies should be upheld on appeal where they are supported by substantial evidence. *Parsons v. Georgetown Steel*, 318 S.C. 63, 456 S.E. (2d) 366 (1995). Further, on questions of witness credibility we defer to the judgment of the agency. *Id.* Here, the Commission believed the testimony of Gantt and her witnesses that the two incidents did not occur. This testimony constitutes substantial evidence to support

that finding, and the Commission's conclusion that respondent failed to meet its burden of proof. *South Carolina Dep't of Mental Retardation v. Glenn,* 291 S.C. 279, 353 S.E. (2d) 284 (1987). The decision of the Court of Appeals overturning the Commission's decision is therefore

Reversed.

WALLER, Associate Justice, and L. CASEY MANNING, Acting Associate Justice, concur.

TOAL and MOORE, JJ., dissent in separate opinion.

TOAL, Associate Justice:

I respectfully dissent. Because the Commission's decision was based on a misapprehension of the applicable law, I would remand to allow the Employment Security Commission to reconsider the evidence in light of the correct legal standards.

The Commission's decision rested, at least in part, on its belief that employers cannot discharge employees for conduct that occurs in an employee break area. Based on that belief, the Commission did not consider the evidence of Gantt's misconduct in the "shade room" and canteen.[1]

As the Court of Appeals correctly noted, however, employee conduct that occurs in a break area may justify "discharge for cause connected with . . . work" under S.C. Code Ann. § 41-27-20 (1986). *Milliken & Co. v. South Carolina Employment Security Comm'n,* 315 S.C. 492, 445 S.E. (2d) 640 (Ct. App. 1994); *see also Sain v. Labor & Indus. Relations Comm'n,* 564 S.W. (2d) 59 (Mo. Ct. App. 1978) (determination of whether cause for discharge was "connected with work" should be made on case-by-case basis; factors to consider in determining whether employee conduct was connected with work include, *inter alia,* whether the act occurred on the employer's premises and whether the act occurred during working hours). Therefore, the Commission should have considered the evidence of

---

[1] I disagree with the majority's characterization of the Commission's decision. As the majority interprets that decision, the Commission did not believe the disruptions in the shade room and canteen actually occurred. As I read the Commission's decision, however, the Commission simply concluded that even if the alleged disruptions occurred, they were in break areas and, therefore, did not constitute competent evidence that could justify Gantt's dismissal.

Gantt's misconduct in the "shade room" and canteen in determining whether Gantt's dismissal was justified.

On remand, the Commission is free to believe of disbelieve the testimony of Employer's witnesses. Nevertheless, the Commission must take into consideration *all* the evidence before it reaches a decision. I would remand the case to allow the Commission to consider the evidence it improperly disregarded.

MOORE, Associate Justice, concurs.