THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Kristine McDonald, Respondent,
 v.
 South Carolina Employment Security Commission and Bob Brandi Stations, Inc., Defendants,
 Of Whom South Carolina Employment Security Commission is the Appellant.
 
 
 
 

Appeal From Lexington County
 Kenneth Goode, Circuit Court Judge

Unpublished Opinion No.  2011-UP-158
Submitted April 1, 2011  Filed April 13, 2011

 REVERSED
 

 
 
 
 H. W. Funderburk, Jr. and Jonathan P. Pearson, both of Columbia, for Appellant.
 Lovic A. Brooks, III, of Columbia, for Respondent.
 
 
 

PER CURIAM:  The South Carolina Employment Security Commission (the Commission) appeals a circuit court order reversing the Commission's decision
 that Kristine McDonald was fired from Bob Brandi Stations, Inc. (Stations) for cause.  The circuit court held the Commission erred in not making
 sufficiently specific findings and submitting an incomplete record to the circuit court.  Moreover, the circuit court held the Commission's decision was
not supported by substantial evidence.  We reverse and reinstate the opinion of the Commission.[1]
I.  Substantial Evidence
The circuit court held the Commission's decision was not supported by substantial evidence because the Commission's finding that McDonald violated Stations's
loan policy was based upon a written loan policy not admitted before the Commission's Appeal Tribunal.  The Commission contends its decision did not
necessitate considering evidence outside the record because the record contained uncontradicted testimony that its loan policy prohibited all loans without
supervisor or ownership approval. 
"Substantial evidence is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative
agency reached."  McEachern v. S.C. Emp't Sec. Comm'n, 370 S.C. 553, 557, 635 S.E.2d 644, 647
(Ct. App. 2006) (citation and internal quotation marks omitted).  An employee is ineligible for unemployment benefits if the employee was "discharge[d]
for cause connected with the employment."  S.C. Code Ann. § 41-35-120(2) (Supp. 2010).  The phrase discharge for cause "include[s] the
disregard of the standard of behavior which an employer can [rightfully expect] from an employee."  Mickens v. Southland Exch.-Joint Venture,
305 S.C. 127, 130, 406 S.E.2d 363, 365 (1991) (citation and internal quotation marks omitted). 
Here, McDonald made a loan without prior approval, and Stations's witnesses testified it prohibited all unauthorized loans when McDonald made the loan. 
Accordingly, the circuit court erred in finding substantial evidence did not support the Commission's finding McDonald was fired for cause. 
II.  Sufficiency of the Commission's Findings
The circuit court held the Commission's findings were insufficient because the Commission (1) reversed the appeal tribunal's findings as to McDonald's
credibility without making specific findings of its own and (2) referred to a loan policy held by Stations and violated by McDonald without making a finding
regarding what the policy prohibited.  The Commission argues its findings were sufficient.  We agree.
This court typically "defer[s] to the judgment of the" Commission "on questions of witness credibility."  Milliken & Co. v.
S.C. Emp't Sec. Comm'n, 321 S.C. 349, 350, 468 S.E.2d 638, 639 (1996).  Generally, an administrative body's "'findings of fact . . .
must be sufficiently detailed to enable the reviewing court to determine whether the findings are supported by the evidence and . . . law
. . . .'"  Porter v. Labor Depot, 372 S.C. 560, 568-69, 643 S.E.2d 96, 100-01 (Ct. App. 2007) (citations omitted). 
"Where material facts are in dispute, the administrative body must make specific, express findings of fact."  Kiawah Prop. Owners Grp. v. Pub.
Serv. Comm'n of S.C., 338 S.C. 92, 96, 525 S.E.2d 863, 865 (1999).  However, a reviewing court need not remand the case if the written order's
findings, credibility determinations, and legal analysis make those unexpressed findings "manifest."  See Spartanburg Reg'l Med. Ctr.
v. Oncology & Hematology Assocs. of S.C., LLC, 387 S.C. 79, 92, 690 S.E.2d 783, 790 (2010) (citation omitted). 
Here, the Commission provided sufficient findings about McDonald's credibility.  The Commission recited the testimony of McDonald and Stations's
witnesses, and it subsequently outlined reasons for why McDonald's testimony was not credible.  Moreover, the Commission provided sufficient findings
about the substance of Stations's loan policy.  Although the Commission did not make an express finding about what the policy specifically prohibited, the
Commission's factual findings, credibility determinations, and legal analysis clearly reflected it found Stations's policy prohibited all loans made without
prior authorization.  Accordingly, the Commission's order was sufficient to enable review.
III.  Incomplete Record
The circuit court also held the Commission submitted an incomplete record because the Commission failed to include in its record a brief and motion made by
Stations relating to the introduction of Stations's written loan policy.  In response, the Commission argues it was not required to include the motion and
brief in the record on appeal to the circuit court.
Generally, the Commission must file with the circuit court "all documents . . . taken in the matter," and the circuit court's review is
confined to that record.  See S.C. Code Ann. §§ 1-23-380(5) & 41-35-750 (Supp. 2010).  Yet even if the Commission failed to comply with a
duty to include the brief and motion, the alleged failure did not make the record insufficient to review whether the Commission's decision was supported by
substantial evidence.  See Wilson v. Am. Cas. Ins., 252 S.C. 393, 397, 166 S.E.2d 797, 798 (1969) (providing that the purpose of requiring a
party to provide a record on appeal is to give the reviewing court the ability to decide whether the lower court erred in the respects alleged).  The
provided record included sufficient testimony about Stations's loan policy and McDonald's actions to review the decision.  Accordingly, the circuit court
erred in reversing the Commission's decision for failure to include the motion and brief in its record. 
REVERSED.
FEW, C.J., THOMAS and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.