**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

William Lippincott, Appellant,

v.

South Carolina Department of Employment and Workforce and Wal-Mart Associates, Inc., Respondents.

Appellate Case No. 2011-203268

---

Appeal From The Administrative Law Court
John D. McLeod, Administrative Law Judge

---

Unpublished Opinion No. 2013-UP-056
Heard December 12, 2012 – Filed January 30, 2013

---

**AFFIRMED**

---

Susan J. Firimonte, of Florence, for Appellant.

Debra Sherman Tedeschi, of Columbia, for Respondents.

---

**PER CURIAM:** William E. Lippincott appeals the Administrative Law Court's (ALC) order affirming the decision of the South Carolina Department of Employment and Workforce (the Department) disqualifying him from receiving unemployment benefits for fourteen weeks based on its finding that Lippincott was terminated for cause connected with his most recent work. Lippincott argues the

ALC erred in 1) depriving him of due process by relying on a conclusory, ex parte hearsay document that was not admitted into the record, 2) shifting the burden of proof to him on the issue of whether he was discharged for cause, 3) finding that he was discharged for cause connected with work based on his participation in a pre-trial intervention (PTI) program, 4) affirming the Department's finding that Wal-Mart Associates, Inc.'s (Wal-Mart) policy regarding arrests and convictions of its employees is reasonable.  We affirm.

1.  As to Lippincott's claim that the ALC improperly relied upon a conclusory, ex parte hearsay document, we find no error because, contrary to Lippincott's assertion, the ALC did not solely rely upon this document for its ruling.  Moreover, the ALC properly relied upon this document along with the other evidence in the record in affirming the Department's finding that Lippincott was discharged for cause connected with his employment with Wal-Mart.  *See* 3 S.C. Code Ann. Regs. 47-51 (2011) (mandating that when a party appeals the initial determination of a claims adjudicator, "[t]he [Department's] Appeal Tribunal shall include in the record and consider as evidence all records of the [Department] that are material to the issues.").

2.  As to Lippincott's claim that the ALC erred in shifting the burden to him to prove that he was not discharged for cause, we find no error because the facts of the instant case are largely undisputed.  Further, our supreme court has not explicitly held that the employer has the burden of proving a claimant was discharged for cause, and under current case law, the claimant has the burden of proving his eligibility for benefits.  *See Hyman v. S.C. Emp't Sec. Comm'n*, 234 S.C. 369, 373, 108 S.E.2d 554, 556 (1959) ("Where a claimant files an application for unemployment compensation benefits, the burden is upon such claimant to show that he has met the benefit eligibility conditions.").

3.  As to Lippincott's claim that the ALC erred in affirming the Department's finding that he was discharged for cause connected with his most recent work, our review of the record indicates that substantial evidence supported this finding.  Specifically, the undisputed evidence indicates that Wal-Mart discharged Lippincott because he was criminally charged with accessory to theft and entered into a PTI program as the result of those charges.  Accordingly, we find no error in the ALC's ruling on this issue.  *See Gibson v. Florence Country Club*, 282 S.C. 384, 386, 318 S.E.2d 365, 367 (1984) (noting that the APA governs appeals from the Employment Security Commission, the predecessor to the Department); *Michau v. Georgetown Cnty. ex rel. S.C. Cntys. Workers Comp. Trust*, 396 S.C.

589, 593, 723 S.E.2d 805, 807 (2012) ("Under the APA, an appellate court may not substitute its judgment for that of the [Department] as to the weight of the evidence on questions of fact, but it may reverse when the decision is affected by an error of law."); *Gibson*, 282 S.C. at 386, 318 S.E.2d at 367 (noting that the Department's decision will be affirmed if supported by substantial evidence); S.C. Code Ann. § 41-35-120 (2)(b) (Supp. 2012) (requiring the Department to find a claimant partially ineligible for unemployment benefits if it finds that he has been "discharged for cause . . . connected with his most recent work"); *Milliken & Co., Pendleton Plant v. S.C. Emp't Sec. Comm'n*, 315 S.C. 492, 497, 445 S.E.2d 640, 644 (Ct. App. 1994), *rev'd on other grounds*, 321 S.C. 349, 468 S.E.2d 638 (1996) ("[T]he question of whether conduct is connected with work necessitates a case by case analysis.").

4.  As to Lippincott's claim that the ALC erred in affirming the Department's finding that Wal-Mart's policy regarding arrests and convictions of its employees is reasonable, we find this ruling was supported by substantial evidence.  *See Mickens v. Southland Exch.-Joint Venture*, 305 S.C. 127, 130, 406 S.E.2d 363, 365 (1991) ("[T]he general rule is that, where the employer's request is *reasonable*, a refusal to comply will constitute misconduct, justifying a discharge for cause. What is reasonable will vary according to the circumstances of each case." (citations and internal quotation marks omitted)).

**AFFIRMED.**

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**