**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

David Rose, #91858, Respondent,

v.

South Carolina Department of Probation, Parole and Pardon Services, Appellant.

Appellate Case No. 2016-000225

---

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

---

Unpublished Opinion No. 2018-UP-087
Heard October 3, 2017 – Filed February 21, 2018
Withdrawn, Substituted, and Refiled June 13, 2018

---

**REVERSED**

---

Matthew C. Buchanan and Tommy Evans, Jr., both of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Appellant.

Travis Dayhuff and Meredith Weinberg Sella, both of Nelson Mullins Riley & Scarborough, LLP, of Columbia, for Respondent.

---

**PER CURIAM:**  The South Carolina Department of Probation, Parole and Pardon Services (the Department) appeals the administrative law court's (ALC's) order reversing the Department's denial of parole to David Rose, arguing the ALC (1) erred in finding Rose received sufficient votes in favor of granting parole, (2) lacked authority to reverse a decision by the parole board, and (3) erred by retroactively applying the supreme court's holding in *Barton v. South Carolina Department of Probation, Parole & Pardon Services*, 404 S.C. 395, 745 S.E.2d 110 (2013).[1]  We reverse.

Rose pled guilty to kidnapping in 1978, and the circuit court sentenced him to life in prison.[2]  After Rose had served just under ten years of his life sentence, the parole board granted him parole in 1987.  Thereafter, Rose remained in South Carolina for one year before moving to Florida.  Initially, Rose regularly reported to his Florida parole officer; however, he eventually stopped reporting.  In 1991, Rose was placed on absconded status.  On June 14, 2000, Rose was extradited to South Carolina and his parole was revoked.

On June 20, 2001, Rose again appeared before the parole board.  In addition to his attorney, his sister, and his cousin, Carlos Bell, six board members were present at the hearing.  After the hearing, the board denied Rose parole.  According to Rose and Bell, an unidentified person (whom they allege to have been a parole examiner) exited the hearing room to report the parole board's decision and informed them that Rose received four votes in favor of parole.  The Department subsequently mailed Rose notice of his rejection, stating that due to the nature and seriousness of the offense and his failure to successfully complete a community supervision program, the parole board denied his application for parole.

---

[1] In *Barton*, our supreme court found "retroactive application of section 24-21-645 constitutes an *ex post facto* violation, and inmates convicted of a violent crime must only convince two-thirds of the Parole Board members participating in their hearing" that they are entitled to parole.  Thus, Barton should have been granted parole since four of the six board members participating in his hearing voted in favor of parole.  404 S.C. at 419, 745 S.E.2d at 123.

[2] Section 16-1-60 of the South Carolina Code (Supp. 2017) provides that, "for purposes of definition under South Carolina law, a violent crime" includes "kidnapping."

On February 13, 2015, the Department notified Rose it had conducted an investigation pursuant to *Barton* regarding whether Rose had received enough votes at his 2001 parole hearing to make him eligible for release.[3] The Department stated it could not locate any records from the hearing, as they had been destroyed, and that it could not release Rose without evidence of the vote count, despite Bell's affidavit attesting that Rose received four votes.[4]

Subsequently, Rose appealed the Department's determination to the ALC. By order dated February 1, 2016, the ALC found the Department's determination that Rose lacked the necessary votes to be eligible for release was unsupported by substantial evidence. Because Rose offered Bell's affidavit in support of his contention that he received four votes at the 2001 hearing and because the ALC believed the Department failed to offer any contradictory evidence, the ALC found Rose received the necessary four votes in favor of parole and reversed the Department's decision.

The Bell affidavit, executed on October 25, 2014, attested that Rose received four votes in favor of parole at the 2001 hearing. According to Bell, only six board members were present during the hearing.[5] Bell claimed a woman exited the hearing room and reported to Rose's attorney (who offered no affidavit or testimony) that Rose received four votes in favor of parole. Bell stated Rose's attorney informed Bell he would investigate whether the purported four votes were sufficient to grant Rose parole.

We find the ALC's determination that Rose received four votes in favor of parole is not supported by substantial evidence because, based on the record as a whole, reasonable minds would not find Bell's affidavit to be adequate evidence that Rose

---

[3] The Department does not have any records for parole hearings prior to 2001; however, Rose obtained a copy of the recording of his parole hearing shortly after the hearing. Rose's attorneys in the current action had the recording transcribed. The transcript did not reflect a vote count but reported someone (most likely the chairman) stating, "David Lee Rose, rejected 1 and 5."

[4] The hearing occurred fourteen years prior to the investigation.

[5] Section 24-21-10(B) of the South Carolina Code (Supp. 2017) explains that the board "is composed of seven members."

received four votes. *See* S.C. Code Ann. § 1-23-610(B)(e) (Supp. 2017) ("The court of appeals . . . may reverse [an ALC] decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is . . . clearly erroneous in view of the *reliable*, probative, and substantial evidence on the whole record . . . ." (emphasis added)); *S.C. Dep't of Mental Retardation v. Glenn*, 291 S.C. 279, 281, 353 S.E.2d 284, 286 (1987) ("Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."); S.C. Code Ann. § 1-23-330 (2005) ("Except in proceedings before the Industrial Commission the rules of evidence as applied in civil cases in the court of common pleas shall be followed."); Rule 801(c), SCRE ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."); Rule 802, SCRE ("Hearsay is not admissible except as provided by these rules . . . .").

In determining that Rose did not receive four votes, the Department essentially found Bell's affidavit not credible, and a reviewing court presumes this to be a correct finding unless unsupported by substantial evidence. *Peake v. S.C. Dep't of Motor Vehicles*, 375 S.C. 589, 594, 654 S.E.2d 284, 287 (Ct. App. 2007) ("The findings of an administrative agency are presumed correct and will be set aside only if unsupported by substantial evidence."). Thus, the ALC erred in substituting its own judgment for that of the Department as to Bell's credibility and in assigning such significant weight to Bell's hearsay-laden affidavit. *See* S.C. Code Ann. § 1-23-380 (Supp. 2017) ("The [ALC] may not substitute its judgment for the judgment of the agency as to the weight of the evidence on questions of fact.").

Accordingly, the ALC's order reversing the Department's denial of parole is

**REVERSED.**[6]

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**

---

[6] Due to our reversal on other grounds, we need not address Rose's remaining issues. *See Berberich v. Jack*, 392 S.C. 278, 294, 709 S.E.2d 607, 616 (2011) (declining to address appellant's remaining issues when the court reversed and remanded on other grounds).